ARNOLD HARRIS vs. SAMUEL A. HOWES and another.

Waldo.    Opinion December 1, 1883.

*Landlord and tenant.   Ways, land damages for widening.   Money had and received.*

The defendants were owners of land in Belfast. Plaintiff was their lessee of a portion thereof under a lease for a term of years. In widening a street, the city took a portion of the land including a part of that leased to plaintiff. The entire damages for the taking were accorded to and collected by defendants, no claim being made that a portion of the damages belonged to the lessee. *Held,* That the plaintiff may recover of the defendants, his share of the damages, (after deducting his *pro rata* share of the expenses incurred by the defendants in prosecuting the claim for damages) in an action for money had and received.

ON REPORT.

The writ was assumpsit for money had and received, and was dated April 4, 1881. The plea was the general issue.

The opinion states the material facts.

*Joseph Williamson,* for the plaintiff, cited: 3 Hurlstone & Collman, 460 (Exch.) ; *Sweetser* v. *McKenney,* 65 Maine, 225 ; *Holley* v. *Young,* 66 Maine, 520 ; Taylor's Landlord & Tenant, §§ 262, 445, 22, 385 ; *Vernon* v. *Smith,* 5 B. & A. 1 ; *Wilson* v. *Prescott,* 62 Maine, 115 ; *Ellis* v. *Welch,* 6 Mass. 246 ; *Parks* v. *Boston,* 15 Pick. 198 ; *Patterson* v. *Boston,* 20 Pick. 165 ; R. S., c. 18, § 5 ; *Gillespie* v. *Thomas,* 15 Wend. 464 ; *Brown* v. *Co. Com.* 12 Met. 209.

*Philo Hersey*, for the defendants.

The defence claims that the action cannot be maintained by law, and further that no equitable claim exists in favor of the plaintiff against the defendants.

The plaintiff had a method prescribed by law by which he could obtain damages of the city of Belfast, if any he suffered, and having a method so prescribed by law, he could not recover them in any other way or allow them to be recovered through any other person or in the name of other persons. Neither could damages be allowed to any other persons for him, for any interests he had in land taken, or in consequence of land taken. R. S., c. 18, § 20, is as follows: "A written return of their proceedings in all cases containing the bounds and admeasurements of the way, and the damages allowed to each person for land taken is to be made and filed with the clerk." The plaintiff has claimed that the language here used, viz: "to each person for land taken" does not include him for he does not own the land, and therefore he could not recover from the city by the prescribed method. In answer we say that among the rules to be observed for the construction of statutes the tenth is as follows: "The words 'land or lands' and the words 'real estate,' include lands and all tenements and hereditaments connected therewith, and all rights thereto and interests therein." Most surely this is liberal enough to include the plaintiff's right under a lease, which is a virtual deed for the period it covers. If this were insufficient, section 7 of the charter of the city of Belfast, would seem to be ample in its provision. It reads as follows: "The city council shall have exclusive authority and power to lay out any new streets or public way or widen or otherwise alter or discontinue any public way in said city and to estimate the damages any individual may sustain thereby." The plaintiff's method of recovering damages is clearly prescribed and his right under that method well founded in law. Having failed to make use of the proper method or in fact any method while there was yet opportunity, can he now, at the bar of this court, recover damages from those who did him no damage, or recover any portion of the damages allowed other persons who neither claimed nor·

received damages for injury to plaintiff and who never received any for or in consequence of injury done him. Most assuredly this would be a new and novel feature in law, if equity or justice are its foundation. See Taylor's Landlord and Tenant, (3rd ed.) § 6; Constitution of Maine, Art. 1, § 21; *Parks* v. *Boston*, 15 Pick. 198; 6 Mass. 246.

PETERS, J. The plaintiff claims to maintain an action for money had and received upon these facts : Damages were awarded to the defendants for land taken for widening a street in the city of Belfast. The plaintiff at the time had a lease of a portion of the land. In the proceedings no notice was taken of the lease, nor was any claim set up by the lessee, and the damages were estimated and awarded as if there had been no lease upon the premises. This seems to be shown by the facts and admitted by the arguments.

The plaintiff contends that in equity and good conscience he is entitled to recover from the defendants, to whom the whole damages were paid, such a proportion thereof as should legally have been awarded to his interest in the land as lessee.

There can be no doubt that, under the rule maintained in the earlier Massachusetts cases, and adopted into the practice in such proceedings in this state, there should have been separate awards to the lessors and lessee for their respective interests in the premises; the sum of the awards not to exceed the entire value of the land taken. The lessee's "land" was condemned, in the sense of the word as used in the statute, and the lessee was "aggrieved" thereby. *Ellis* v. *Welch*, 6 Mass. 246; *Parks* v. *Boston*, 15 Pick. 198; *Patterson* v. *Boston*, 20 Pick. 165.

By the fault or mistake of both of the present parties, one award only was made. The plaintiff mistook in not claiming, and the defendants in not disclaiming, the right to recover the lessee's damages. We do not see why a bill in equity would not lie to rectify the mistake, nor why the present action cannot be sustained for such purpose. Certainly, the defendants have money in their hands which equitably and fairly belongs to the plaintiff. There can really be no more difficulty for this court to determine the relative sums belonging to the parties, than

for county commissioners to work out the result. The duty of the commissioners would have been first to ascertain the entire damages and then apportion them. Nor is it unusual in such proceedings in many of the states, for an award to be made in gross, and the division to be made afterwards according to ownerships. *Wilson* v. *Railroad*, 67 Maine, at p. 363. The present Massachusetts statutes furnish a mode of proceeding similar to that. Mass. Gen. St. c. 4; *Boston* v. *Robbins*, 126 Mass. 384. Proceedings have been sustained where only the *quantum* of damages was found and awarded to "owners unknown." *Com.* v. *Great Barrington*, 6 Mass. 492; *In matter of Eleventh Avenue*, 81 N. Y. 436. See 2 Mass. 489; and *Brown* v. *Co. Com.* 12 Met. 209.

Of course, the plaintiff should not recover an amount exceeding his relative share of the whole amount awarded, less a *pro rata* proportion of the costs and expenses which the defendants were subjected to in obtaining the award. Had there been a contest before the commissioners as to title, and the whole title been awarded to the defendants, perhaps the plaintiff should not recover anything. But the plaintiff's title was in nowise contested. The damages seem to have been awarded to the title as an entirety, without regarding the minor ownership. There was no decision that the plaintiff was not entitled to damages. The plaintiff and defendants could have joined in one complaint for the prosecution of their claims. The law finds some privity of contract from this relationship or alliance of parties. This case belongs to the class of cases in which, under LORD MANSFIELD's rule, adopted in this state, not adopted in all the states, the law forcibly implies the privity, if need be, because equitable. *Keene* v. *Sage*, 75 Maine, 138, and cases cited; 2 Whar. Con. 722.

The defendants contend that the lease terminated on May 1, 1878. The cases cited show the contrary. The lease gave the plaintiff an option to continue the lease for five years after that date. That the plaintiff accepted a continuance and made his acceptance effectual, is proved by his paying and the defendants accepting the rent regularly since that time. The case of *Howes*

v. *Belfast*, 72 Maine, 46, shows that the final hearing in damages for the land taken was in August, 1878. At that time there was no contingency about the continuance of the lease. Its continuance was then fixed. *Holley* v. *Young*, 66 Maine, 520.

*Defendants defaulted. Damages to be assessed at nisi prius.*

APPLETON, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.