JOSEPHINE M. SMITH v. CITY OF ST. PAUL.[1]

June 25, 1896.

Nos. 9988—(221).

Condemnation Proceedings—Action to Recover Award—Intervention by Claimant.

Where an action is brought against the city of St. Paul to recover the award made as damages for taking property for a public use, a third party, who claims to have been the owner of the property taken, or of a part of it, and hence entitled to the award, or part of it, may come in as a party to the action, and assert his claim.

[1] Reported in 68 N. W. 32.

Appeal by plaintiff from an order of the district court for Ramsey county, Brill, J., overruling the demurrers of plaintiff to the complaints in intervention of St. Paul Trust Company · and Lucretia F. Sache.   Affirmed.

*H. V. Rutherford* and *Smith, Shedd, Underwood & Hall*, for appellant.

*Harvey Officer* and *Walter L. Chapin*, for respondents, intervenors.

MITCHELL, J.   The city of St. Paul had taken by condemnation proceedings a tract of land for the purpose of opening a street, the compensation or damages awarded being one gross sum for the entire tract.   The plaintiff brought this action against the city to recover the amount of the award, alleging that she was the owner of the entire tract.   The St. Paul Trust Company and Mrs. Sache interposed "complaints in intervention," alleging that they respectively owned certain portions of the tract, and hence were severally entitled to a part of the award.   To these complaints the plaintiff demurred on the ground that the facts stated did not constitute a ground of intervention.   This appeal is from an order overruling the demurrers.

The contention of the plaintiff is that these parties had no right to intervene, under G. S. 1894, § 5273, for the reason that they "would neither gain nor lose by the direct legal operation and effect of the judgment"; that any interest they might have in the property, or any claim they might have against the city, would be wholly unaffected by the result of a suit between the city and the plaintiff.   Lewis v. Harwood, 28 Minn. 428, 10 N. W. 586.   If the action had been brought by plaintiff to recover an ordinary debt alleged to be due her from the city, or if the intervenors had to rely exclusively upon the statute for their right to come into the action, the plaintiff's contention might be difficult to answer.   But compulsory interpleading and voluntary intervention in an action originally between other parties were always known and recognized as ancillary remedies by means of which courts were enabled more conveniently and perfectly to adjudicate upon the ultimate rights of the parties in the subject-matter involved in the litigation, and thus award full and final relief in the further judicial proceedings to which these remedies were auxiliary.   It is not to be supposed that the statute in relation to interpleader and intervention was intended to abolish those ancillary remedies in cases

where they were previously authorized, and to limit them exclusively to cases falling strictly within the terms of the statute.

Condemnation proceedings under the city charter are in rem against the land. The award becomes a fund standing in the place of the land, and whoever owns the land is entitled to the award. If the award is paid over to one as owner who is not the true owner, he will be liable to the true owner in an action for money had and received. Lewis, Em. Dom. § 627; Tamm v. Kellogg, 49 Mo. 118; Meginnis v. Nunamaker, 64 Pa. St. 374; Harris v. Howes, 75 Me. 436; In re Eleventh Ave., 81 N. Y. 436. Hence, if the whole of the award should be paid over to the plaintiff, and the fact should be that she was not entitled to the whole of it, but that the intervenors were severally entitled to a part of it, they could maintain actions against her to recover their shares. The fact that they might, at their election, have a remedy against the city, would not deprive them of this right of action. If this is so, why may they not intervene in this action, in order to have the award apportioned, and to recover their share? Why should they have to wait until the money was paid over to the plaintiff, and then sue her? Where the duty is devolved on the court or other tribunal before which the condemnation proceedings were had, to distribute or apportion the award among those entitled to it, there is no question of the right of any claimant to appear and assert his right to it, or of the court or other tribunal to require any such claimant to appear and establish his claim.

We do not think that the fact that the statute gives a party a right of action against the city to recover the amount of the award at all alters the rule. The question before the court still is, who are entitled to the award? Doubtless the city might, in a proper case, require the plaintiff and other claimants to interplead; but if it appeared that a third party claimed a portion of the award, the court would, in our opinion, have the power to require such person to be brought in as a party to the action, in order that there might be a full and final adjudication of the rights of all parties in the fund; and, if such a person can be thus brought in, there is no reason why he may not be allowed to come in voluntarily. The court, in such case, is not called on to assess the property, but merely to apportion and divide what has been assessed among the different parties according to their respective interests in the property. Awards are

often made in gross, and the division made afterwards, according to ownerships.

It is not important to consider whether, in this case, there should have been separate awards, for by claiming under the award all parties have ratified it, and waived the irregularity, if any. The fact, if it be a fact, that by reason of the judgment in a prior action between the plaintiff and the city it has become res adjudicata between them that the plaintiff was the owner of the whole of the tract taken, can have no effect upon the rights of the intervenors, who were not parties to that action.

Order affirmed.