STATE ex rel. KATIE L. HUGHES and Others v. DISTRICT COURT OF
RAMSEY COUNTY and Another.[1]

June 2, 1905.

Nos. 14,255—(12).

**Local Improvement—Benefit to Property.**

The judgment of the board of public works of St. Paul as to what
property is benefited, and to what extent that benefit extends; because of
the making of a local improvement authorized by the charter, is final
and conclusive, and cannot be reviewed by the courts unless it is shown
to be fraudulent in fact, or to have been made upon demonstrable mis-
take of fact, or that in making it the board of public works applied an
illegal principle or an erroneous rule of law.

**Same.**

No facts bring this case within any of these exceptions.

**Determining Assessment District.**

The fixing of the limits of the district to be taxed is not a judicial
function, and the courts will not interfere with its determination by statu-
tory authorities except to correct palpable violations of the constitution
or charter.

**Same.**

The spread of the assessment in this case was not so unreasonable or
improper as to justify judicial interference.

**Reassessment.**

A reassessment is not void because one notice was given and a meeting
held to fix the assessment district, and afterwards a second notice was
given, and a meeting held for placing the assessment upon the specific
lands within this district.

Certiorari to the district court for Ramsey county and the Hon-
orable Hascal R. Brill, one of the judges thereof, to review a judg-
ment of said court overruling objections of relators to an assessment
for street paving made by the board of public works of the city of
St. Paul, and directing the sale of relators' land to satisfy such as-
sessment. Judgment affirmed.

[1] Reported in 103 N. W. 744.

*Walter L. Chapin,* for petitioner.

*J. C. Michael* and *G. R. O'Reilly,* for respondents.

JAGGARD, J.

The board of public works of St. Paul reassessed a certain district for the paving of a portion of Payne avenue. The reassessment was confirmed. Application was made to the district court for judgment against the property on which the reassessment was not paid. The relators duly filed objections. The cause was tried in the district court. The city introduced the reassessment warrant, and the various notices by the city treasurer preliminary thereto. The relators introduced evidence in support of each objection. Judgment was ordered for the city by the district court, and was duly entered. The relators secured a writ of certiorari from this court.

The first question presented by this case is whether the judgment of the board of public works for the city of St. Paul is conclusive, or whether evidence of facts and circumstances, including questions as to accrual of special benefit, is admissable as against the record of the board of public works, and whether, therefore, the final judgment on this question must be that of the court. It is settled beyond controversy that the judgment of the board of public works as to what property is benefited and to what extent that benefit extends because of the making of a local improvement authorized by the charter is final and conclusive, and cannot be reviewed by the courts unless it is shown to be fraudulent in fact, or to have been made upon demonstrable mistake of fact, or that in making it the board of public works applied an illegal principle or an erroneous rule of law. Rogers v. City of St. Paul, 22 Minn. 494; Carpenter v. City of St. Paul, 23 Minn. 232; State v. Board of Public Works, 27 Minn. 442, 8 N. W. 161; State v. District Court of Ramsey County, 29 Minn. 62, 11 N. W. 133; State v. District Court of Ramsey County, 33 Minn. 164, 22 N. W. 295; State v. District Court of Ramsey County, 80 Minn. 293, 83 N. W. 183. There is nothing in the record in this case to bring it within any of these exceptions nor has any sufficient reason been assigned for reversing this long established rule.

The second question is whether property not abutting on Payne avenue can be assessed for such pavement. It is a well-established prin-

ciple that the fixing of the limits of the district to be taxed is not a
judicial function, and that the courts will not interfere with its deter-
mination by statutory authorities, except to correct palpable violations
of the constitution or charter. State v. District Court of Ramsey
County, 33 Minn. 164, 22 N. W. 295; State v. Board of Public Works,
supra; Cook v. Slocum, 27 Minn. 509, 8 N. W. 755; State v. Dis-
trict Court of Ramsey County, 80 Minn. 293, 83 N. W. 183. In this
case a number of facts tend to show that the board of public works
proceeded upon a reasonable basis for spreading the assessment. In-
habitants of the general section involved, in order to reach the center
of the city, must, of necessity, pass over a ravine of considerable size,
filled with railroad tracks. Part of the travel would naturally go
down Arcade street on the east, part down Edgerton street on the
west, and part down Payne avenue in the center. This assessment
was spread over one block to the west and over two blocks to the
east. Such a spread does not appear to have been so unjust and un-
reasonable as to be the basis for judicial interference.

The third question is whether the reassessment was avoided because
one notice was given and a meeting held to fix the assessment
district, and afterwards a second notice was given and a meeting held
for placing the assessment upon the specific lands within this district.
On this subject the admirable memorandum of the trial court cor-
rectly states the law thus: "The injection of section 7 into the charter
without any change in the language of section 23 makes it somewhat
difficult to determine the exact procedure to be observed regarding
the preliminary assessment. It would seem to be the most natural
way in the first instance to have two meetings of the board of public
works. In fact, two meetings are necessary, although one might per-
haps be called an adjourned meeting. It may never be necessary to
do more than lay out the district. That is all that can be done at
the time specified in the first notice, and then the board must suspend
further action for the time being; and, if only one meeting is pro-
vided for, it must, of necessity, be adjourned to await the action of
the council, if such action is necessary, or the final execution of the
contract on the other hand. I think either method would be a sub-
stantial compliance with the mixed-up provisions of the charter in
this respect. Upon a reassessment the better practice would seem to

be to have but the one meeting for the preliminary assessment, but,. if only one is contemplated, the fact that two were held, due notices. having been given of each, is an irregularity not affecting the substantial right of the property owners."

Affirmed.