## STATE ex rel. GUSTAVE KAFKA v. DISTRICT COURT OF RAMSEY COUNTY and Another.[1]

February 19, 1915.

Nos. 18,941—(173).

**Eminent domain — damages — apportionment.**

    1. Where several persons have separate estates or interests in a single tract or parcel of land taken in condemnation proceedings, the proper mode of reaching a fair valuation of the property and of ascertaining the damages of those interested, is to treat the property as though the entire estate and all interests therein were in a single person and to find the value and damage in gross, leaving the apportionment of the award to be thereafter made according to the previous interests of the parties in the property.

[1] Reported in 151 N. W. 144.

Note.—The question of the rights of tenants and reversioners of property taken by eminent domain is discussed in a note in 21 L.R.A. 212.

**Same — validity of award.**

2. Neither a separate assessment of damages to the several interests in the property nor a subsequent apportionment of the gross award is essential to the validity of the assessment, unless such is required by statute.

**Charter of St. Paul — recovery of award.**

3. Section 251 of the St. Paul City charter in force in 1913, makes the compensation awarded a public charge, so that it may be recovered by the property owner with sufficient certainty to comply with the constitutional requirement of security of compensation.

**Same — award to lessee of property condemned.**

4. Section 247 of the charter, providing that "if the lands and buildings belong to different persons, or if the land be subject to lease, the damages done to such persons, respectively, may be awarded to them by the board of public works, less the benefits resulting to them, respectively, from the improvement," *held* not to require the board either to make a separate assessment of relator's interest in the property as lessee, or subsequently to apportion to him his share of the gross award.

**Same.**

5. Nor was such required under the terms of sections 251, 253.

**Payment of award — constitutional right of lessee.**

6. Payment by the city of the gross award to the fee owner did not deprive relator, as lessee, of his constitutional right of security of compensation for the taking of his property; for, while his right of recovery against the fee owner does not fulfil the constitutional guaranty, the fund must be deemed as still in the hands of the city, subject to be brought into court for apportionment at the instance of relator, of whose claim the city had notice before paying the fee owner.

Upon the relation of Gustave Kafka this court issued its writ of *certiorari* to review the decision of the district court for Ramsey county, Brill, J., confirming an assessment made by the board of public works of the city of St. Paul for property condemned for the purpose of widening a street. Affirmed.

*Durment, Moore & Oppenheimer,* for relator.

*O. H. O'Neill* and *J. P. Kyle,* for respondents.

*B. H. Schriber,* as *amicus curiæ,* filed a brief.

128 M.—28.

. [PHILIP E. BROWN, J.][1]

*Certiorari* to review a judgment entered on relator's appeal confirming an assessment made by the board of public works of the city of St. Paul, in the exercise of the right of eminent domain. The findings of the trial court forming the basis of the judgment are unchallenged, and may thus be summarized:

In 1913 relator was in possession, as lessee, of the ground floor of a building abutting on Robert street, with the right of so continuing for four years longer. In that year the city took some of the land underlying the building for the improvement of this street. The proceedings therefor were in all things regular up to the time of the assessment by the board of public works, and the latter had jurisdiction to make the assessment of damages caused by the taking and the benefits accruing from the improvement. While these matters were pending and before confirmation of the assessment, relator seasonably claimed that a separate award of damages to his leasehold interest be made to him, but the board refused and, instead, fixed a fair valuation of the property as a whole and fairly and impartially assessed a sum in gross as damages and compensation for the taking, including all interests therein. No apportionment of this amount was made between relator and the fee owners; and later the city paid to and the latter accepted the entire sum so awarded. Judgment confirming the assessment was ordered and entered.

Section 250 of the city charter provides that on appeal to the district court from an order of the board of public works confirming as assessment:

"The only question to be passed upon shall be whether the said board of public works had jurisdiction in the case, and whether the valuation of the property specified in the objections is a fair valuation, and the assessment, so far as it affects such property, is a fair and impartial assessment. The judgment of the court shall be either to confirm or annul the assessment in so far as the same affects the property appropriated aforesaid of the said appellant."

Relator contends that the procedure adopted by the board was

[1] See Per Curiam order on page 440.

irregular and not in accordance with the charter, wherefore his property was appropriated without just compensation first paid or secured, in violation of Const. art. 1, § 13; that the assessment, insofar as it affects his property, was unfair and not impartial; and that he was entitled to a separate award or at least an apportionment of his interest in the gross amount allowed, so that he could either receive it or have its correctness reviewed on appeal; and, further, that without such apportionment he is without remedy to recover his compensation; the relief demanded upon these premises being that the district court should remit the award for re-assessment.

For the purposes of discussion it will be assumed that relator had valuable rights in the property condemned, entitling him to substantial compensation, and that he took all necessary preliminary steps to protect them. This brings us directly to the consideration of his claims as outlined above, in the course of which the inquiry obviously must be limited to matters pertinent within the limitations imposed by section 150 of the charter upon the scope of the hearing on the appeal. The other relevant provisions of the charter are as follows:

Section 243: "The said board of public works, in making said assessment, shall determine and appraise to the owner or owners the value of the real estate appropriated for the improvements, and the damage arising to them respectively from the condemnation thereof, which shall be awarded to such owners respectively, as damages, after making due allowance therefrom for any benefit which such owners may respectively derive from such improvements."

Section 247: "If the lands and buildings belong to different persons, or if the land be subject to lease, the damages done to such persons, respectively, may be awarded to them by the board of public works, less the benefits resulting to them, respectively, from the improvement."

Section 251: "The city of St. Paul shall thereupon cause to be paid to the owner of such property the amount of damages over and above all benefits which may have been awarded therefor within six (6) months after date of the confirmation of such assessment, with interest at the rate of seven (7·) per cent per annum."

Under the ruling of Moritz v. City of St. Paul, 52 Minn. 409, 415, 54 N. W. 370, these provisions do not purport to require the board of public works to assess the damages or apportion the award separately to each person, unless, as has been suggested, a contrary conclusion is justified by the difference in the wording of the charters under which the assessment therein involved and the one here in question were respectively made, whereby, it is insisted, under the latter the damages to the persons should be considered instead of to the property as under the former. It is settled, however, that condemnation proceedings are *in rem,* against the property, for which the award, when made, stands as belonging to those formerly having interests in the property and in the same proportion. Smith v. City of St. Paul, 65 Minn. 295, 297, 68 N. W. 32; Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170. And we are not persuaded that the proceedings were intended to be otherwise, especially as the permissive form of section 247 negatives, rather than strengthens, any implication of mandate from the frequency and manner of reference to the "owner" in the other sections. Hence the only theory on which it could be held that the board were required to make a separate award to relator or to apportion his share of the gross award is, as claimed by him, that under the holdings of Bowen v. City of Minneapolis, 47 Minn. 115, 117, 49 N. W. 683; Johnson v. Northwestern L. & B. Assn. 60 Minn. 393, 62 N. W. 381, and State v. District Court of Ramsey County, 75 Minn. 292, 77 N. W. 968, we must construe the word "may" in section 247 as mandatory, in order to sustain the proceedings against constitutional objections and to preserve relator's constitutional and other rights. This construction cannot, of course, be indulged in save for imperative reasons (Medbury v. Swan, 46 N. Y. 200); and as those here presented largely involve the specific constitutional objections interposed by relator, the determination of the latter will in great measure test the sufficiency of the former.

Whether separate awards are necessary under circumstances such as here disclosed has never heretofore been considered by this court. The question was raised, but not decided, in Smith v. City of St. Paul, supra. The uniform practice, however, has been, as we under-

stand it, to consider the property about to be condemned as an entire estate, so far as concerns the public, the fee owner, and those having lesser interests therein. All persons are made defendants whose interests are to be foreclosed; but this is done, not for the purpose of determining questions of title between them, but so that they may be heard upon the issues of the right to condemn and the amount of damages to be awarded in gross. While, therefore, apportionment and separate awards are often convenient and beneficial where several persons own interests in a single tract or parcel of land, and while, furthermore, such are quite commonly made where the proceedings are in a court or tribunal having power and capacity to inquire into the variant interests, even in the latter case the well nigh universal mode of reaching a fair valuation of the property and determination of the damages, is to consider the property as though the entire and undivided estate and all interests in the property were in a single person, and to find the value and damage in gross, thereafter apportioning the amount of the award thus arrived at between the various parties according to their interests. Edmands v. City of Boston, 108 Mass. 535; Crane v. City of Elizabeth, 36 N. J. Eq. 339; Lambert v. Giffin, 257 Ill. 152, 158, 100 N. E. 496; Harris v. Howes, 75 Me. 436; 2 Lewis, Em. Dom. §§ 716, 719. And neither a separate assessment nor a subsequent apportionment of a gross award is necessary to render the assessment valid under constitutional limitations relative thereto; being, unless required by statute, wholly immaterial to the regularity and completeness of the condemnation, except as bearing upon compliance with constitutional provisions relative to payment or security of the award to the persons entitled thereto as a condition precedent to the condemnor's title or right of possession, which we will discuss later. Cornell-Andrews Smelting Co. v. Boston & P. R. Corp. 209 Mass. 298, 95 N. E. 887; Id. 215 Mass. 381, 102 N. E. 625; Pittsburg & S. R. Co. v. Hall, 25 Pa. St. 336; Davidson v. Texas & N. O. R. Co. 29 Tex. Civ. App. 54, 57, 67 S. W. 1093; Rabb v. La Feria Mut. Canal Co. (Tex. Civ. App.) 130 S. W. 916; Bentonville R. R. v. Stroud, 45 Ark. 278, 279; San Francisco & S. J. R. Co. v. Mahoney, 29 Cal. 112, 119; Crane v. City of Elizabeth, supra; Lambert v. Giffin, supra; United

States v. Dunnington, 166 U. S. 338, 13 Sup. Ct. 79, 36 L. ed. 996; 10 Am. & Eng. Enc. (2d ed.) 1099. As said in Edmands v. City of Boston, supra, 644:

"The situation of the estate and the manner of its occupation are doubtless to be taken into consideration in estimating the injury caused by disturbing that occupation. But between the public and the landowner it is but one estate. * * * A fair compensation for the property taken and injury done, ascertained by general rules, is a substitute to the owners for that of which they are deprived. That is the whole of the transaction with which the public is concerned. The apportionment is merely a setting out to the several owners of partial interest of their corresponding rights in the fund which has been substituted for the property taken."

We conclude that a mandatory construction of the word "may" as used in section 247 of the charter is not demanded by any consideration touching the validity of the assessment; which conclusion is strengthened by the mandatory form of the provisions of section 246.

This brings us to the question whether the failure to apportion to relator his share of the award deprived him of the security of payment guaranteed to him by the Constitution. In the case of In re Lincoln Park, 44 Minn. 299, 302, 46 N. W. 355, it was said:

"Unless there is certainty that it (the compensation) will be paid, or unless it is made a public charge, so that it may be obtained in due course through the aid of the courts without unreasonable delay, there is no adequate provision for obtaining compensation."

But in State v. Otis, 53 Minn. 318, 55 N. W. 143, it was held that a provision of the city's charter then in force, identical with section 251 of the charter under which the present assessment was made, was held to constitute a sufficient compliance with the conditions declared as above quoted, and to be a sufficient provision for compensation.

Relator urges, however, that as the award has been paid to the fee owner, he is without remedy, especially as in the absence of an apportionment of his share he cannot proceed against the city therefor. On the other hand respondent insists that relator's remedy against the

fee owner fulfils the constitutional requirement of security of compensation. Neither of these contentions can be sustained; for while a right of recovery against an individual does not constitute the security contemplated by the Constitution, the city could not, with notice of relator's claim, foreclose his right to his share of the award by paying the whole to the landowner; wherefore, to such extent as is necessary to conserve his rights in the premises, the fund must be deemed to be still in the city's possession; and relator's right to have it brought into court for apportionment is a sufficient remedy to enable him to obtain compensation for the taking of his property, "in due course through the aid of the courts without unreasonable delay." In re Lincoln Park, supra; Crane v. City of Elizabeth, supra; North Coast R. Co. v. Hess, 56 Wash. 335, 338, et seq., 105 Pac. 853; United States v. Dunnington, supra.

Nor can we hold that general considerations of justice and equity required the board to exercise the power vested in them by section 247 of the charter. To so declare would be to ignore the necessarily limited capacities of such boards. The value of a leasehold interest depends upon such a variety of circumstances that in many cases the machinery of a board of such limited jurisdiction and circumscribed functions would be entirely inadequate to meet the requirements of such an investigation. Certainly, upon this record, it cannot be said that the apportionment of relator's share of the award was such a simple matter as to render the board's failure to attempt it arbitrary and unreasonable. Defendant's point in this connection that the failure to make him a separate award precluded him from appealing upon the question of its fairness and sufficiency is concluded by the court's finding that the gross award was ample as to all interests. Furthermore, as a party interested in the gross award, he had the right to appeal therefrom, notwithstanding that his share had not been apportioned; for, as we have seen, the only question of damages as between him and the city as condemnor was the amount of the gross award, in which he is entitled to share in proportion to his previous interest in the property. See Spaulding v. Milwaukee L. S. & W. R. Co. 57 Wis. 304, 309, 14 N. W. 368, 15 N. W. 482.

PER CURIAM.

For the reasons given in the foregoing opinion, prepared by the late Justice Philip E. Brown, in accordance with the conclusions reached by the court, the judgment is affirmed.