## GUSTAVE KAFKA v. WATSON P. DAVIDSON.[1]

November 9, 1917.

No. 20,666.

**Eminent domain — division of award — question for jury.**

Evidence considered and *held* sufficient to justify submitting the case to the jury.

Action in the district court for Ramsey county to recover $19,400. The case was tried before Brill, J., and a jury which returned a verdict for $1,969.97. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*B. H. Schriber*, for appellant.

*Durment, Moore & Oppenheimer*, for respondent.

QUINN, J.

This is an action to recover damages occasioned by the condemning and taking of property for public use. The plaintiff had a verdict. From an order denying his motion for judgment or a new trial, defendant appeals.

On February 15, 1911, Archie G. Clark and others were owners in fee of the north 50 feet of lots 1 and 2, block 25, in the city of St. Paul, the same being a rectangular parcel fronting 100 feet on Fourth street and 50 feet on Robert street. There was a store room on the northeast corner of the tract having a frontage of 26 feet on Fourth street and 24 feet on Robert street. On that day the owners leased the store room to the plaintiff for a term of 6 years, 6 months and 15 days, at a rental of $165 per month. The lease provided that, in case the lessor should sell the property, or make a ground lease for a period of not less than 25 years, the lease might be canceled upon the giving of 6 months' notice and the payment of $1,500.

November 25, 1911, the owners executed a ground lease of the premises

[1]Reported in 164 N. W. 980.

to the defendant, Davidson, for the period of 100 years, subject to existing leases with present tenants. On July 1, 1913, plaintiff's lease was so modified that it might be terminated at any time upon 60 days' notice and the payment of $1,500.

In 1913, the city widened Robert street so that it became necessary to condemn and take a strip of land 20 feet wide bordering on the west side of the street, which included the east 20 feet of the store room and the ground thereunder. It is not questioned but that the condemnation proceedings were regular in all particulars.

While the board of public works had under consideration the question of benefits and damages to property on account of such taking, plaintiff presented his claim for damages. Thereafter the board made an award of damages and assessment of benefits and allowed to the owners of the fee of the north one-half of said lots 1 and 2 $25,200 as damages, and assessed benefits thereto at $13,692, leaving the amount of $11,508 to be paid by the city as damages. There was no separate award of damages to either the plaintiff or defendant on account of the leases. The plaintiff filed objections to the disallowance of his claim for damages, upon the ground that the disallowance was arbitrary, illegal and not made in the exercise of any judgment or discretion or in pursuance or furtherance of law. Failing on his objections, he appealed to the district court where the award and assessment made by the board were affirmed. Subsequently upon certiorari the judgment of the district court was reviewed and affirmed by this court. State v. District Court of Ramsey County, 128 Minn. 432, 151 N. W. 144. The amount of the award, after deducting the assessed benefits therefrom, to-wit, the sum of $11,508, was assigned by the owners of the fee to the defendant who received the same from the city, whereupon the plaintiff brought this action to recover his proportion thereof, claiming that the award was intended to cover and did include not only the value of the property taken, but the damages to plaintiff's leasehold interest as well. The complaint contained four distinct claims, three of which were disposed of adversely to the plaintiff on a former appeal to this court, leaving only the claim for injury to the leasehold for further consideration. Kafka v. Davidson, 135 Minn. 389, 160 N. W. 1021.

While a separate award might have been made, which is frequently done

in like matters where the proceedings are before a tribunal having capacity to inquire into the various interests, yet it is not necessary so to do in order to render the award sufficient for all intended purposes. If, as a fact, the board had under consideration, in its entirety, the property sought to be condemned, and considered the leasehold interest of plaintiff and included an allowance therefor in the award of $25,200, we see no good reason why he should not be entitled to recover in this action.

It is claimed on behalf of the appellant that the testimony conclusively shows that the plaintiff presented his claim to the board of public works; that the same was duly considered and disallowed; that the disallowance was thereafter affirmed and thereby became final and conclusive, and that there was nothing included in the award made to the owner of the fee on account of plaintiff's leasehold interest in the premises.

In submitting the case to the jury, the trial court stated: "It is not necessary that the board, in fixing the amount and in making the award of damages, should have included the plaintiff by name or had specifically before them the exact claim made by the plaintiff for his damages, but if the award was for all the interests in the property, then it would include any interest which the plaintiff had. If the award did not include the interest which the plaintiff had, then there could be no recovery in the case. If it did, then there is another question for your consideration. It is claimed on the part of the defendant that the board of public works disallowed the plaintiff's claim. This is denied by the plaintiff, and that is a question for your consideration and determination. * * * It appears that he presented a claim to the board of public works, and, as I say, there was no allowance, in terms, made to him, and there was no disallowance appearing upon the record of the board. * * * It is not necessary that there should have been a separate allowance made to him, nor is the fact conclusive that nothing appears upon the record as to whether there was an allowance or not, or that it doesn't appear from the record that there was a disallowance. The question is, whether there was in fact a disallowance of his claim * * *. The record of the board * * * does not show whether there was an allowance or a disallowance. That is to be determined * * * by the evidence in the case."

We think the case was one for the jury, that the evidence was not

conclusive against plaintiff, and that the trial court fully and fairly submitted the issues of fact to the jury for determination.

Affirmed.