## EUGENE G. PETERSON v. CITY OF MINNEAPOLIS AND ANOTHER.[1]

August 3, 1928.

No. 26,814.

**Minneapolis charter permits award in gross for condemnation of property.**
> In condemnation proceedings by city of Minneapolis under its charter and the state laws adopted therein, award of damages by the commissioners, appointed by the court on appeal, for the taking or injury of property may be made in gross; the commissioners need not make a specific award to each person interested in the property. The court, retaining jurisdiction of the proceedings, may by proper notice and procedure have a determination made of the portion of the whole amount of damages so awarded to which each of the owners of individual interests is entitled.

Eminent Domain, 20 C. J. p. 850 n. 94; p. 1037 n. 63.

Condemnation proceedings in the district court for Hennepin county instituted by the city of Minneapolis for acquiring lands for widening East Grant street in said city. From orders, Nordbye, J. confirming the report of the commissioners and refusing to recommit or set aside the report, Eugene G. Peterson, the owner in fee of the property sought to be condemned, appealed. Affirmed.

*H. V. Mercer & Company,* for appellant.

*Neil M. Cronin,* City Attorney, and *Thomas B. Kilbride,* Assistant City Attorney, for respondent city.

HILTON, J.

Appeal from three orders in condemnation proceedings.

The city of Minneapolis, pursuant to its home rule charter which incorporated as a part thereof the state Elwell road law, instituted condemnation proceedings to acquire lands for widening Grant street in said city (home rule charter, c. XX; G. S. 1923, §§ 1522-1566; L. 1925, p. 676, c. 417). On May 14, 1926, the city council

[1]Reported in 221 N. W. 14.

adopted a proper resolution and appointed commissioners to make an award of damages and assessment of benefits relative to the property to be affected by said proceedings. This included "the property" here involved (hereinafter thus referred to), the fee title to which was in appellant, Eugene G. Peterson, who as lessor had given to the Associated Holding Company, a corporation, a 100-year lease thereon. On April 27, 1927, the road and bridge committee of the city council, after consideration of the report of said commissioners, together with objections thereto, recommended to the city council that said report be approved. The city council on May 27, 1927, confirmed the report so made. In that original award, as the full amount of damages and compensation to be paid for the property so taken or injured, the sum of $104,133 was awarded to Associated Holding Company. For a full statement as to necessary statutory procedure up to this point, see State ex rel. City of Minneapolis v. Boucher, 171 Minn. 297, 214 N. W. 30.

Peterson and Associated Holding Company appealed to the district court from this confirmation of award, and their appeals were heard together. The court confirmed the proceedings except as to damages and appointed new commissioners to reappraise the same. These commissioners qualified, viewed the premises and heard testimony. After this the court, at the request of counsel for the city, instructed that a gross award of damages be made as to the property. Peterson took exception thereto and claimed that the commissioners should have been instructed by the court to determine Peterson's interest in the property separately. The commissioners' reappraisal of the damages was that the total amount thereof to be sustained by and to result to all of the persons and owners interested in said property, the buildings thereon and all the property rights therein by reason of the taking by said city of an easement for street purposes was the sum of $110,000, and that amount of damages was awarded "to Eugene G. Peterson, Associated Holding Company, a corporation, and all other persons having or claiming any right, title or interest in and to said property, or any portion thereof, for the full amount of all of their damages and compensation by reason

of the taking of all of the property herein described and all interests therein, for said improvements."

On motion of the city, the district court confirmed the report. Upon order to show cause secured by him, Peterson made a motion by which it was sought to acquire a specific award to him. Peterson's motion to recommit or set aside was denied, as was also his motion to set aside the confirmation. This appeal is from the order confirming the report, the order refusing to recommit or set aside, and the order refusing to settle as a record the typewritten transcript of testimony taken before the commissioners.

The real question involved in this case is: Was Peterson entitled to have a separate award by the commissioners for the damage he would sustain by the taking of the property, which would also mean a separate award to the Associated Holding Company for its damages by reason thereof? Did the court correctly interpret the law in holding that the commissioners should make a gross award?

1. This case was here on a previous occasion. Peterson v. City of Minneapolis, 172 Minn. 604, 216 N. W. 228. Plaintiff's then appeal was from an order denying his motion for a temporary injunction restraining the defendant city from completing condemnation proceedings to acquire the property hereinbefore referred to. An appeal had then been taken to the district court from the order of confirmation made by the city council. This court then said: "We are unable to see that the plaintiff may not get appropriate relief upon appeal. If so an injunction should not be granted." There is no question raised as to the validity of the law under which the condemnation proceedings were instituted. We have here only to do with the disposition of the damages allowed in the award made by the commissioners appointed by the court. It is not necessary to consider the assignments of error relative to the action taken by the city council or by the commissioners appointed by it. The acts of these commissioners and of the city council in confirming them, in so far as damages are concerned, were set aside by the court.

The previous decision of this court clearly states that the plaintiff's rights could be properly protected. This can be accomplished by a determination as to what plaintiff is entitled to receive from the whole amount awarded as damages to the property.

The trial court was correct in holding that the commissioners should make a gross award of damages for the taking of the property and that it was not necessary for them to make a specific determination as to what portion thereof should be allotted to each of the interested parties.

It has long been the holding of this court that a condemnation proceeding is one in rem against the land. Smith v. City of St. Paul, 65 Minn. 295, 68 N. W. 32; State ex rel. Kafka v. District Court, 128 Minn. 432, 151 N. W. 144; Kafka v. Davidson, 135 Minn. 389, 160 N. W. 1021; Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L. R. A. 1917A, 685.

The damages sustained by the taking of property by condemnation proceedings are to be determined by an ascertainment of the true, full and fair market value of the property. Such value is not limited to the use to which the property is then put but is to be arrived at by a consideration of the most advantageous purpose for which it can be put. Board of Education v. Heywood Mfg. Co. 154 Minn. 486, 192 N. W. 102. The determination of the damages on that basis was the entire concern of the commissioners. They had nothing to do with defining the respective interests of the various claimants, known or unknown. The commission in such matters, generally made up of laymen selected because of their knowledge of real estate values, should not be vested with the power of deciding the validity of contested and disputed interests as might frequently be the case were the rule otherwise. Such questions (including the one here as to the proper distribution of the gross award) are for the determination of some tribunal other than the commission appointed by the court. The trial court correctly stated:

"Now that a formal award has been made to these parties their respective interests in and to said award may be determined by a

court or a jury, if the parties themselves are unable to agree as to a division."

Upon an application to the district court, proper proceedings may be had to determine those respective interests.

The appraisal and award made by such commissioners are by the statute made final unless set aside by the court for good cause shown. The order of confirmation made by the court shows that he found no good cause for setting it aside. All of the rights of the owners of the respective interests in the property will be protected and compensated for in an orderly and proper manner. More is not necessary. The city is only required to pay a sum covering the damages to the property to be taken. Such amount will be the total of the damages of plaintiff, the Associated Holding Company and others, if any, interested in the property.

G. S. 1923, § 1556, among other things provides:

"The city council may in its discretion order such awards to be paid into the district court of the county for the use and benefit of the persons who shall be found entitled thereto, in which case the moneys so paid into court shall be paid out under order of the court upon application of the parties interested and upon such notice as the court may prescribe."

We understand the city will forthwith pay into the district court the amount of the award. This should be done.

Plaintiff seasonably contended and now contends that, as he will be required to pay as income taxes an amount approximating $5,200 because of this condemnation which otherwise he would not be required to pay, he is entitled to receive that amount and also the sum of $4,500 to reimburse him for attorney's fees paid for extraordinary services in these proceedings. With this we do not agree.

We are of opinion that the conclusions reached by the trial court were correct; that an award in gross was proper; that the amount of damages which plaintiff and others interested in the property are entitled to receive in case they cannot be settled by agreement should be ascertained in the manner hereinbefore indicated.

Orders affirmed.

UPON PETITION FOR REARGUMENT.

On September 18, 1928, the following opinion was filed:

PER CURIAM.

The commissioners heard and considered all evidence offered relative to the value of the real estate in question, including the rights and interests of the lessor and lessee in and growing out of the leasehold. The proceedings herein contemplated and included the taking of and compensating for all such rights and interests, as did the award confirmed by the court.

Petition denied.