# CLARENCE HOCKMAN AND ANOTHER v. ALFRED LINDGREN AND OTHERS.[1]

April 24, 1942.

No. 33,104.

*R. Vern Eckman* and *C. L. Eckman,* for appellant.

*Holmes, Mayall, Reavill & Neimeyer,* for respondents.

LORING, JUSTICE.

This was a suit under the declaratory judgments statute for a determination of the respective interests of the parties in an award made in condemnation by the state of certain lands for highway purposes.

[1]Reported in 3 N. W. (2d) 492.

Lindgren owned a 60-acre tract situated at the corner of Haines road and the Miller trunk highway in St. Louis county. He leased a small strip of the tract along the highway to the Hockmans for a term of ten years with an option to renew for another five years. It was provided in the lease that, absent default in its terms, "all buildings, improvements and installations in or upon the said premises shall be and remain personal property and shall in no event become a part of the real property, and the title to such personal property shall be and remain in the parties of the second part." It was further provided that at the end of the ten-year term the Hockmans "shall have an option and right to purchase the above demised and leased premises at a valuation to be arrived at by appraisal" and that "in the event the parties of the second part do not elect to purchase the said premises as hereinbefore provided then in that event the said parties of the first part shall have the option to purchase all of the buildings, improvements and installations upon the said premises owned by the parties of the second part herein at a valuation to be arrived at by appraisal as aforesaid." The Hockmans filled in a portion of the premises next to the highway, built a gasoline station and store, dug a well, gravelled and improved a driveway, installed sewerage facilities, planted shrubbery, and by an arrangement with the Continental Oil Company installed gas tanks and equipment and proceeded to conduct a store and gasoline station thereon. The lease was made May 15, 1933. In 1940, the state commenced condemnation proceedings to acquire about 42 feet of the leased land which adjoined the existing highway. The area taken amounted to between 11 and 13 per cent of the leased premises and included about half the land upon which the buildings stood, together with the driveway. The total award to all parties in interest without apportionment amounted to $4,022 if the buildings were not removed by the owners. They were not removed, and the commissioner of highways was so notified. In part payment the state issued a check for $2,192 payable to Hockman and his wife, Lindgren, the county of St. Louis, and the Continental Oil Company,

and this suit was brought by the Hockmans against the three defendants alleging that a dispute existed between the plaintiffs and Lindgren as to the division of the award. The trial court awarded $200 to Lindgren and the remainder to the plaintiffs. Lindgren has appealed from an order denying his motion for a new trial.

1. The appellant makes but one assignment of error, namely, that the decision of the court is not justified by the evidence and is contrary to law. His first challenge to the evidence is that the Hockmans, having paid no taxes during the term of the lease, had no interest in the property at the time of the award and consequently were entitled to no share in the award. The court might have found that at the time the lease was made Lindgren had stated to Hockman that he would pay the taxes, the inference being that the Hockmans might reimburse him for the trivial portion of the taxes covering the small tract subject to the lease. Later Hockman caused inquiry to be made of Lindgren if he owed him any taxes. Lindgren admitted getting the inquiry and that no reply was made. No separation of the small leased tract from the larger Lindgren holding was ever made for tax purposes, and no right of reëntry for default of the lessees was ever asserted, so the implication of a finding of waiver in support of the court's decision is wholly justified.

2. The appellant asserts that under the rule announced by this court in Kafka v. Davidson, 135 Minn. 389, 396, 160 N. W. 1021, 1023, the trial court should have determined the value of the Hockmans' leasehold interest in the condemned property and given that to them and all of the remainder to Lindgren. We do not so construe Kafka v. Davidson. This court there said:

"The interests of the various parties entitled to share in the award not having been determined as between each other, each is entitled to the proportional part of the award which the amount of his damage bears to the amount of all the damage to the property."

Properly interpreted, that rule means that regardless of whether the award is more or less than the total actual damage, it must be apportioned to each interested party in the ratio that his actual damage bears to the total actual damage. To illustrate, if the actual damage to the leasehold were $2,000 and to the fee $1,000, then, regardless of the amount of the award, whether more or less than $3,000, it should be apportioned two-thirds to the lessee and one-third to the fee owner. The trial court found:

"That the damage to plaintiffs and to Continental Oil Company resulting from said condemnation proceedings and the taking of property therein involved is the proportion of the total damage resulting therefrom that 3,822 bears to 4,022. That the damage to defendant Alfred Lindgren resulting from said condemnation proceedings and the taking of property therein involved is the proportion of the total damage resulting therefrom that 200 bears to 4,022. That defendant County of St. Louis was not damaged by said condemnation proceeding."

The court ordered judgment accordingly.

While the trial court made no specific finding in dollars as to the actual damage to each party's interest in the property, such finding is implicit in the paragraph quoted. We think the court properly interpreted the rule as laid down in Kafka v. Davidson, 135 Minn. 389, 160 N. W. 1021, and in the state of the record and against the challenge made to the decision we must affirm.

Order affirmed.