CHARLES B. SHELDON *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

July 19, 1882.

**Condemnation Proceedings—Award not limited to Land Described in Petition.**—In proceedings by the Minneapolis & St. Louis Railway Company to acquire the right of way by condemnation, under the provisions of Sp. Laws 1870, *c.* 57, '§ 4, where the petition of the railway company does not contain a description of the entire farm or tract through which the proposed right of way passes, neither the commissioners nor, in case of appeal, the district court, are confined in their inquiries to the damages done to that part of the farm or tract described in the petition, but may inquire into the damage done to the entire tract. Where the petition describes only a part of the tract through which the proposed right of way passes, the land-owner is not required to take steps to have such description corrected or enlarged, so as to include the whole tract.

**Practice—Limit of Witnesses as to Value.**—The court has a right to impose a reasonable limit upon the number of witnesses which the parties may call upon the question of the value of the premises taken.

Condemnation proceedings. Plaintiff appealed to the district court for Hennepin county from the award of the commissioners appointed by the court to ascertain and determine the compensation to be paid for the taking of a right of way by defendant through plaintiff's land. At the trial before *Young*, J., and a jury, there was no evidence that the plaintiff had in any way previously objected to the petition or the award on the ground that the petition only described the particular lots crossed by the railroad, or that the award was only for damages to these lots. At the opening of the trial the court announced that each side would be allowed but five witnesses as to values. Plaintiff had a verdict largely in excess of the award, and defendant appeals from an order refusing a new trial.

*J. D. Springer*, for appellant.

Plaintiff, by failing to set up by cross-petition or otherwise that he owned land contiguous to that described in the petition, which would be damaged, and by expressly stating in his notice of appeal that the ground of his appeal was the insufficient compensation awarded for

the taking of the land described in the petition, has waived any claim for damages to contiguous land. *Mix* v. *Lafayette, etc., R. Co.,* 67 Ill. 319; *Jones* v. *Chic. & Iowa R. Co.,* 68 Ill. 380; Wade on Notice, § 1212; Mills on Eminent Domain, §§ 323, 324, 327.

*Koon, Merrill & Keith,* for respondent, cited *Winona & St. P. R. Co.* v. *Denman,* 10 Minn. 208 (267;) *Colvill* v. *St. Paul & Chic. Ry. Co.,* 19 Minn. 283; *St. Paul & Sioux City R. Co.* v. *Murphy,* 19 Minn. 500; *Sherwood* v. *St. Paul & Chic. Ry. Co.,* 21 Minn. 122; *Wilmes* v. *Minneapolis & N. W. Ry. Co., ante,* p. 242; *Welch* v. *Mil. & St. Paul Ry. Co.,* 27 Wis. 108; *Snyder* v. *Western Union R. Co.,* 25 Wis. 60; *Robbins* v. *Mil. & Hor. R. Co.,* 6 Wis. 636.

MITCHELL, J. The respondent owned and occupied a tract of land containing some 30 acres, a part of which had been some years ago platted and laid out into village lots, but such lots had never in any way been separated from each other or from the rest of the tract, except by the imaginary lines indicated on the plat, and respondent had continued to use, and still used, the whole as one farm or tract for residence and general farming purposes. The appellant, pursuant to the provisions of Sp. Laws 1870, *c.* 57, § 4, and Sp. Laws 1879, *c.* 185, § 4, filed its petition to acquire by condemnation the right of way across this tract of land, in which it described or mentioned only those particular lots, according to the platted survey referred to, through which the proposed right of way passed, and made no mention of the remainder of the tract owned by respondent. Upon the trial in the court below, upon an appeal from the award of the commissioners, the respondent was allowed, under the objection and exception of appellant, to show the damage to the entire tract or farm caused by appellant's taking the strip through it described in the petition; and the court instructed the jury that the respondent was not limited in the damages he was entitled to recover to the particular lots through which this strip passed, but that, in assessing damages, they were to take into account the damage to the entire tract.

The ruling and instruction of the court upon this point were correct. It must now be considered settled that in proceedings to acquire the right of way for a railroad by condemnation, either under the general railroad law or under the provisions of special charters

similar to those under which these proceedings were instituted, neither the commissioners nor the court are confined in their inquiries to the damage done by the taking of the proposed right of way to that part of the tract described in the petition of the railroad company, but they may inquire into the effect of such taking upon the entire farm or tract out of which the right of way is taken, although only a part of such tract or farm is described in the petition. This was decided by the court at the present term in *Wilmes* v. *Minneapolis & N. W. Ry. Co., ante,* p. 242, which was a case where the proceedings were instituted under the provisions of the General Statutes, which admit of a more plausible argument in favor of appellant's position than does the special statute of 1870, under which the present proceedings were instituted. Neither was the respondent required to proceed by cross-petition or otherwise to have the description in the petition corrected or enlarged so as to include the entire tract, or else be limited in his recovery of damages to the land described in the petition. This was also determined in *Wilmes* v. *Minneapolis & N. W. Ry. Co., supra.* There is no authority in the statute for any such proceeding. It would be contrary to the uniform practice in this state for 20 years, and has no precedent in its favor, that we know of, in the practice of other states, unless it be in Illinois, to certain decisions in which state we are referred by appellant. The doctrine of these cases is not the law of this state.

The fact that the land-owner, in his notice of appeal from the award of the commissioners, follows the description of the premises contained in the petition, does not affect the case, or limit the range of inquiry by the court and jury in determining the amount of his damages. The whole land, being a compact body, used and occupied as an entirety, constituted only one tract, notwithstanding its division into lots by the imaginary lines of the survey and plat referred to. *Sherwood* v. *St. Paul & Chic. Ry. Co.,* 21 Minn. 122.

The commissioners made their award on the 18th of April. The respondent introduced evidence as to the value of the land at that time, and also as to what it would be worth less by reason of the taking of this right of way through it for the purposes of this railroad. Evidence was also introduced showing that the value of property in that

vicinity had been constantly and gradually increasing that spring, on account of the fact that this road was about being constructed, and other public improvements about being made. Appellant, in rebuttal, offered to show the price at which respondent, on the 16th of May, sold a part of one of the lots constituting this tract. This evidence the court excluded. We do not think this was error. Under the circumstances, the value on the 16th of May might not be any correct criterion of value on the 18th of April; and, *secondly*, to receive it as evidence as to what the property would be worth with the railroad constructed through it, would be in effect to make the land-owner pay (by deducting it from his damages) for the increase of the value of the land resulting from the construction of this road, and shared in generally by other property in that neighborhood.

The court had a right to limit the number of witnesses which each side could call upon the question of the value of the property. It has been frequently held that the court has a right to limit the number of witnesses upon a collateral issue, such as the credibility of a witness. *Bissell* v. *Cornell,* 24 Wend. 354; *Nolton* v. *Moses,* 3 Barb. 31; *Bunnell* v. *Butler,* 23 Conn. 65. The same right is commonly exercised in limiting the number of expert witnesses, and witnesses as to value, whose testimony is mainly or largely a matter of opinion, and where the number that might be called might be extended almost indefinitely. To hold that in such cases a party has a right to examine as many witnesses as he pleases, and that the court is bound to listen without the right to interfere, might lead to very serious inconveniences. The limitation in this case to five witnesses on each side was a reasonable and proper exercise of discretion on the part of the trial court.

Order affirmed.