# IN RE ASSESSMENT FOR WIDENING THIRD STREET IN ST. PAUL.
## McGILL-WARNER COMPANY, APPELLANT.[1]

February 8, 1929.

No. 27,078.

See note in 4 L.R.A.(N.S.) 890; L. R. A. 1916D, 713.
See note in 34 A. L. R. 1523; 10 R. C. L. 143; 2 R. C. L. Supp. 980; 5 R. C. L. Supp. 545; 6 R. C. L. Supp. 590.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*Eugene M. O'Neill,* for respondent.

TAYLOR, C.

The appellant, the McGill-Warner Company, appealed to the district court of Ramsey county from the award of damages for taking certain of its property for the improvement known as the widening of Third street in the city of St. Paul. The district court found as a fact that the award was fair and impartial and directed a judgment confirming it. A further appeal brings the matter before this court.

[1]Reported in 223 N. W. 458.

The Diocese of St. Paul owned the land taken, and the award therefor, made to that corporation, is not involved in this controversy. Appellant held a lease of the land for a term ending April 30, 1930, and owned the building thereon. The lease provided that at the end of the term the lessor should either purchase the building at a fair appraised value or permit the lessee to purchase the land at a fair appraised value. The building was old; none of the witnesses knew how old, but it had been rented for more than 50 years. It contained about 60,000 square feet of floor space of which appellant occupied about 32,000 for its printing and lithographing business and rented the remainder to others.

Where property is taken under the power of eminent domain the amount to be paid therefor is the fair market value of the property taken. If the property taken is the interest of a lessee under a lease, the amount to be paid is the fair rental value of the premises less the amount of the rent for the remainder of the term. Kafka v. Davidson, 135 Minn. 389, 160 N. W. 1021. If the property taken is a building, the amount to be paid is the fair market value of the building. If the title of the owner of the building is defeasible or subject to rights held by others, whether under a lease or otherwise, he may not be entitled to the entire amount to be paid. Appellant owned the building in question and held a lease of the land on which it stood. This ground lease would terminate in a short time; but as it required the lessor either to purchase the building at a fair appraised value or to permit the lessee to purchase the land at a fair appraised value, the right of the appellant to receive the full value of the building is conceded.

Appellant was awarded the sum of $48,128, being $47,634 for the building and $494 for the lease. Appellant claims, and presented evidence tending to prove, that the amount awarded was far below the value of the property. The city claims, and presented evidence tending to prove, that the amount awarded was the full value of the property. The question presented is a pure question of fact; and, as has been said times without number, it is not the province of this court to determine disputed questions of fact or to draw conclusions from conflicting evidence. It is the duty of the triers

of fact to weigh the evidence and determine the conclusions to be drawn therefrom; and if the record discloses evidence from which such conclusions could reasonably be drawn, they must stand, although we may think the weight of evidence is opposed to them.

A committee of three experienced real estate men, whose competency is admitted, made a careful examination of the property for the purpose of appraising its value. They fixed the value of the building at the sum of $47,634, the amount awarded. On cross-examination they stated, in substance, that the building could be reproduced for the sum of $158,536; and that they allowed 1½ per cent per year for a period of 50 years, or a total of 75 per cent for depreciation, which would leave the sum of $39,634 as the present value of the building. This did not include any allowance for a heating plant and a sprinkling system which had been installed. They were not questioned concerning such items, but their valuation shows that they added $8,000 to the amount at which they fixed the value of the building; and the inference is that it covered the increased value resulting from improvements including matters of that character. They also stated that the market value of the building was materially lessened by its obsolescence, as buyers did not want such an out of date building. One of these witnesses was asked the value of the ground lease for the unexpired term and stated that it had no value. This seems to be the only testimony concerning that item. He also stated that ordinarily he would place the depreciation of a building of that type at two or three per cent, but did not estimate the depreciation at that rate in this case because it would wipe out the entire value. These witnesses also stated that the fair rental value of the building was 20 cents per square foot of floor space. Appellant was receiving a fraction over 37 cents per square foot for the space it rented to others. This however included the furnishing of heat and janitor service and necessary repairs. Appellant urges that the rate of rental which it was receiving from the portions of the building rented demonstrates that the building was worth much more than the amount awarded. While the income which a building will produce

has an important bearing in determining its value and there is force in appellant's argument, yet in view of the evidence to the effect that the amount awarded was the fair market value of the property, it cannot be said that the conclusion reached by the trial court is without reasonable support in the record.

Under the ground lease appellant paid $171.15 per month or $2,053.80 per year as rent for the land and in addition thereto paid the taxes upon the land as well as upon the building. There is nothing in the record showing that the allowance for the ground lease, as distinct from the allowance for the building, was not adequate.

Appellant further claims that it is entitled to recover the expense of removing from the building. Appellant owns the building and stands in the position of a seller. The city stands in the position of a buyer. Their relations are analogous to those between private parties where one is selling and the other buying. Conan v. City of Ely, 91 Minn. 127, 97 N. W. 737; State Park Commrs. v. Henry, 38 Minn. 266, 36 N. W. 874. Where the owner sells to a private party, he removes from the property at his own expense. Where property is condemned the owner receives its fair value, and the decided weight of authority is that he is not entitled to an additional allowance for the expense of removing therefrom. 20 C. J. 782; L. R. A. 1916D, 719, note; 8 Ann. Cas. 696, note; 16 Ann. Cas. 787, note. As the appellant is entitled to receive, and presumably does receive, the full value of the property, it is not entitled to a further allowance for the expense of removal. Kafka v. Davidson, 135 Minn. 389, 160 N. W. 1021.

Order affirmed.