*In re* JOHN C. LODGE HIGHWAY.

APPEAL OF SIEGEL.

APPEAL OF MIKE BASSO APPLIANCE CORPORATION.

APPEAL OF HOLLOWAY.

1. EMINENT DOMAIN—PARTIES DEFENDANT—TENANTS IN POSSESSION.

"Owners and others interested in the property," as used in provision enumerating defendants in statute authorizing the condemnation of private property for State use, includes tenants in possession of premises (CL 1948, §§ 213.22, 213.25, 213.30).

2. PARTIES—INTERVENTION.

Anyone claiming an interest in particular litigation may, at any time, be permitted to assert his right by intervention, but in subordination to, and in recognition of, the propriety of the main proceeding (CL 1948, § 612.11).

3. EMINENT DOMAIN—PARTIES—TENANTS.

Lessees are necessary parties to condemnation proceedings.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 18 Am Jur, Eminent Domain § 321.
[1, 3] Scope and import of term "owner" in statutes relating to real property. 2 ALR 778; 95 ALR 1085.
[2] 39 Am Jur, Parties § 60.
[4, 10] 18 Am Jur, Eminent Domain § 128.
[5] 22 Am Jur, Fixtures §§ 3, 12.
[6] 18 Am Jur, Eminent Domain § 255.
[6] Compensation in eminent domain in respect to fixtures or chattels used in connection with real property taken or damaged. 90 ALR 159.
[7, 11] 18 Am Jur, Eminent Domain § 253.
[8, 9] 18 Am Jur, Eminent Domain § 232.
[8, 9] Validity, construction and effect of specific provision of lease or statute relating to rights and compensation of lessee in event of condemnation. 98 ALR 254.
[12] 18 Am Jur, Eminent Domain §§ 366, 377.
[13] 18 Am Jur, Eminent Domain § 378.

4. SAME—"JUST COMPENSATION."

"Just compensation," as term is used in provision of Constitution relative to condemnation of private property for State use, must put the party injured in as good a condition as he would have been if the injury had not occurred (Const 1908, art 13, § 1).

5. FIXTURES—LANDLORD AND TENANT—THIRD PARTIES.

"Trade fixtures" are personalty as between landlord and tenant but as to third parties in condemnation proceedings are properly considered as part of the realty.

6. EMINENT DOMAIN—VALUE OF FIXTURES.

The value of fixtures, for the purposes of a condemnation proceeding is measured by the cost of detaching them and reattaching them elsewhere (CL 1948, § 213.30).

7. SAME—TENANTS' TRADE FIXTURES—COMPENSATION—INTERVENTION IN CONDEMNATION PROCEEDINGS.

Tenants under a lease containing clause whereby the leasehold interest automatically reverts to the lessor and extinguishing any interest lessee might have in the event the property is taken in condemnation proceedings nevertheless have such an interest in the property so far as their trade fixtures are concerned as entitles them to intervene as parties defendant in such proceedings, as they are entitled to just compensation for the removal of such fixtures (Const 1908, art 13, § 1; CL 1948, §§ 213.22, 213.25, 213.30).

8. SAME—CONSTRUCTION OF LEASE.

Each lease containing a condemnation clause must be construed according to the language of the lease, when determining the rights of the lessor and lessee in condemnation proceedings.

9. LANDLORD AND TENANT—CONSTRUCTION OF LEASE—CONDEMNATION PROCEEDINGS.

The insertion of a condemnation clause in a lease is for the purpose of agreeing as to respective rights of parties to the lease and not for the establishment of rights and duties of the condemning authority.

10. EMINENT DOMAIN—JUST COMPENSATION.

Just compensation in condemnation proceedings should neither enrich the individual at the expense of the public nor the public at the expense of the individual (Const 1908, art 13, § 1).

11. SAME—FIXTURES—LANDLORD AND TENANT.

A landlord many not properly ask for, nor a jury in State highway commissioner's condemnation proceedings award, money for damages a tenant might suffer in removing from the property taken fixtures owned by the tenant, in the absence of provisions in the lease providing therefor, since to do so would enrich the landlord at the expense of the tenant and the public (Const 1908, art 13, § 1; CL 1948, §§ 213.22, 213.25, 213.30).

12. SAME—PARTIAL NEW TRIAL—FIXTURE REMOVAL—DAMAGES—LEASES.

Tenants under a lease who were denied the right to intervene in State highway commissioner's proceeding to condemn land are entitled to a partial new trial to determine fixture removal costs, where lease provided for automatic reversion of the leasehold to the lessor upon condemnation but was silent as to fixtures (Const 1908, art 13, § 1; CL 1948, §§ 213.22, 213.25, 213.30).

13. COSTS—PUBLIC QUESTION—CONDEMNATION PROCEEDINGS—INTERVENTION BY TENANT—REMOVAL OF FIXTURES.

No costs are allowed in condemnation proceedings upon reversal of trial court's order denying tenants the right to intervene and recover damages for removal of fixtures, a public question being involved (Const 1908, art 13, § 1; CL 1948, §§ 213.22, 213.25, 213.30).

Appeal from Wayne; FitzGerald (Frank), J. Submitted April 27, 1954. (Calendar Nos. 45,641, 45,642, 45,643.) Decided September 8, 1954.

Condemnation proceedings instituted by Charles M. Ziegler, State Highway Commissioner, in connection with the laying out, establishing and opening of the John C. Lodge highway in the City of Detroit, Wayne county. Morton M. Siegel and Sybil Siegel, Mike Basso Appliance Corporation, and Jessie Holloway, separately moved to be added as parties defendant to protect interests arising under their leaseholds. Motions denied. Proposed defendants appeal and cases consolidated on appeal. Reversed and remanded for partial new trial.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *John C. Jacoby, Frank W. Lindemann* and *James M. Davey (Frederick McGraw,* of counsel), for petitioner Ziegler.

*Alexander P. Perry,* for proposed defendants Siegel, Mike Basso Appliance Corporation, and Holloway.

*Amici curiae:*

*Travis & Warren.*

*Butzel, Levin, Winston & Quint.*

KELLY, J.  The 3 appellants herein were tenants of premises at 8200–8204 Hamilton avenue, 944–950 Seward avenue, and 8232 Hamilton avenue, respectively, in the city of Detroit, and each of their leases contained the following provision:

"That in event the premises, or any part thereof, are taken through exercise of the power of eminent domain, the entire award for damages to the premises, both leasehold and reversion, shall be the sole property of the landlord, and the tenant hereby assigns to the landlord all the tenant's right, title and interest in any joint award made pursuant to any such proceedings, and authorizes and empowers the landlord in the name of the tenant to receipt and give acquittance therefor, and to make, execute and deliver in the tenant's name any release or other instrument that may be required to recover any such award or judgment.

"In event the entire premises are taken, rental shall be paid to the date the tenant is ousted pursuant to such proceedings, and all the other covenants and conditions of this lease having been performed, this lease shall be void."

Petitioner and appellee, Charles M. Ziegler, highway commissioner for the State of Michigan, on November 29, 1951, filed his petition in the circuit court for the county of Wayne praying that a jury be impaneled to ascertain whether it was necessary to make a public improvement known as the John C. Lodge highway in the city of Detroit, to take title to certain described property, and to determine the just compensation for the taking of such private property.

The appellants filed separate motions requesting to be added as parties defendants, alleging that as tenants occupying property described in the petition as "parcel 21" they were entitled to intervene. In identical answers to appellants' motions, appellee denied "that petitioner has any interest in the property sufficient to warrant petitioner intervening in the above proceedings. * * * Further, assuming the petitioner has a lease on the premises, said lease contains a clause with reference to the power of eminent domain whereby the leasehold interest automatically reverts to the lessor and extinguishes any interest the lessee has in the property."

The trial court denied appellants the right to intervene because of the condemnation clause in the leases.

Appellants contend in this appeal that as tenants they were entitled to be named parties defendant; that they had "such private property rights and interests in their trade fixtures so as to entitle them to compensation for the difference in value between the fixtures used in the conduct of their business as a part of the leasehold and their value as severed therefrom."

The John C. Lodge highway in the city of Detroit is a joint project being carried forward by the city of Detroit, county of Wayne, State of Michigan,

and the Federal government, at an agreed percentage of cost.

PA 1911, No 149, as amended (CL 1948, § 213.21 *et seq.* [Stat Ann and Stat Ann 1953 Cum Supp § 8.11 *et seq.*]), under which the instant proceedings were instituted, required that the petitioner obtain the consent of the Detroit city council before proceeding to the acquisition of private property for the Lodge highway. By resolution the common council gave petitioner its consent and the resolution was approved by the mayor.

Appellee admits that if the city of Detroit had instituted the condemnation proceedings there would be no doubt as to appellants' right to intervene had the city failed to name them defendants. The provisions of PA 1883, No 124, § 3 (CL 1948, § 213.73 [Stat Ann § 8.45]) and of the Detroit city charter, title 8, ch 1, § 3, make it mandatory that persons "in possession" of condemned premises be named as parties defendant in a city's petition.

PA 1911, No 149, § 5 (CL 1948, § 213.25 [Stat Ann § 8.15]), contains the following provision for naming of defendants:

"A description of the property to be taken shall be given, and also the names of the owners and *others interested in the property* so far as can be ascertained."

Appellee construes the words "others interested in the property" as used in this section to be synonomous with "owner" and states that "a party would have to have an *interest in law* in the property sought to be taken in order that the petitioner be compelled to join him."

Appellants contend that the city could not condemn under the power granted to it by statute without naming them defendants; that, therefore, the

city could not delegate the authority to the petitioner to condemn without so naming them.

No explanation is offered by appellee why a tenant's right to be named defendant should be granted by the legislature in condemnation proceedings instituted by the city and denied to a tenant who occupies premises located in the city, when the proceedings are instituted by the county or State. To adopt appellee's construction would be to confine the words "others interested in the property" to some form of ownership in the property. Had that been the intent of the legislature, it could have, and, we believe, would have, expressed it in some other way than by the use of the words "owners and others interested in the property." It is more logical to assume that when the legislature used the words "others interested in the property" in the statute under which the present condemnation proceedings were brought, it was referring, among others, to "those in possession of the premises" as provided in the statute giving the city the right to condemn.

Michigan Constitution (1908), art 13, § 1, provides:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law."

PA 1911, No 149, § 2 (CL 1948, § 213.22 [Stat Ann § 8.12]), provides:

"The term 'private property' as herein used shall include lands, tenements, hereditaments and tangible and intangible property whether real, personal or mixed."

And section 10 (CL 1948, § 213.30 [Stat Ann § 8.20]) of the same act provides in part:

"In case it (the jury) find such necessity exists, it shall award to the owners of such property and others interested therein such compensation therefor as it shall deem just. If any such private property shall be subject to mortgage, lease, agreement or other lien, estate or interest, it shall apportion and award to the parties in interest such portion of the compensation as it shall deem just."

The use of the words "tangible and intangible property whether real, personal or mixed" in section 2, and the words "subject to mortgage, lease, agreement or other lien, estate or interest" in section 10, clearly shows that the legislature was providing for others than those possessing property rights in premises being condemned.

Further, by the enactment of CL 1948, § 612.11 (Stat Ann § 27.663), the legislature clearly disclosed that it did not want to restrict anyone who claimed an interest in litigation from intervening and asserting his rights. That statute reads:

"In an action either at law, or in equity, anyone claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

2 Nichols on Eminent Domain (3d ed), § 5.23[1], states the general rule as to lessees as follows:

"Under State statutes which require owners to be joined as parties to a condemnation proceeding, lessees have been considered necessary parties."

We are of the opinion that the legislature intended to include lessees in possession of the premises in PA 1911, No 149, § 5 (CL 1948, § 213.25 [Stat Ann § 8.15]), when it used the words "the names of the

owners and *others interested in the property* so far as can be ascertained."

The second question calls for a determination as to whether the provision in the leases that "the entire award for damages to the premises, both leasehold and reversion, shall be the sole property of the landlord," precludes appellants from seeking and obtaining damages for fixture removal.

Appellants and appellee agree that the present issue has not previously been before this Court. The question as to the propriety of awarding damages for removal of trade fixtures was presented in *In re Widening of Gratiot Avenue,* 294 Mich 569, on an appeal by the city of Detroit from an award to the tenants for cost of removing fixtures. The jury also made an award to the owner of the condemned property.

This Court, in the above cited case, in approving the award to the tenants for cost of removing fixtures, referred to the Michigan Constitution (1908), art 13, § 1, hereinbefore quoted, and said (pp 573, 577):

"This provision has been given a liberal interpretation in this State. 'Nothing can be fairly termed just compensation which does not put the party injured in as good a condition as he would have been if the injury had not occurred.' *In re Widening of Bagley Avenue,* 248 Mich 1, 5. * * *

"Our review of the record is convincing that the 'fixtures' herein involved were not stocks of goods nor, in the usual acceptance of the term, purely personal property; but that they were what is properly denominated 'trade fixtures' and which although as between landlord and tenant might be personal property, as to third parties they may be properly considered as a part of the realty. * * *

"Since the value of the fixtures as severed will be decreased to the extent of the cost of detaching and reattaching them elsewhere, the cost of such

removal is to be considered in awarding damages.
* * *

"Our review of the record is convincing that the verdict of the jury was neither excessive nor prejudicial to the rights of the petitioner."

There is no question in the present case that the value of appellants' fixtures, as severed, will be decreased to the extent of the cost of detaching and reattaching them elsewhere; that the appellee as the condemning authority proposes to take the buildings stripped of the trade fixtures and pay nothing to appellants for the damages and costs sustained. Under the decision of *In re Widening of Gratiot Avenue, supra,* appellee's contention that appellants should suffer this damage without compensation is not justified, unless appellee is correct in the conclusion that appellants lost their right to just compensation because of the condemnation clause in the leases.

Appellee invokes a lease he had no part in consummating; a lease he was not consulted about and was not a party to. There is no dispute in this case between the lessors and the lessees. The only dispute is between the lessees and the condemning authority. The lessors did not, and could not, have contended that as owners of the property they had any legal right or ownership in the fixtures. Appellants were denied the right to intervene and protect their rights, and the lessors and the condemning authority did not introduce proof in regard to trade fixture removal damage.

Each lease containing a condemnation clause must be construed according to the language of the particular lease in question. The lessor and lessee by inserting a condemnation clause are merely looking toward the future and agreeing in advance as to their respective rights in the event condemnation proceedings are instituted during the period the lease

is in operation. They are not establishing the rights and duties of the condemning authority as those rights and duties are established by the Constitution and the laws of this State. If a lessee is foreclosed and prevented from seeking and obtaining just compensation for trade fixture removal damages it will be because the lease discloses that it was the intent of the lessor and lessee that the lessee should forego and abandon the rights to damages allowed to him by the Constitution and the laws of this State.

We cannot read any such intent into the present leases. We cannot adopt appellee's contention that the lessees could not relinquish their rights to leasehold and reversion damage and retain their rights to trade fixture removal damage. The separate computation and awarding of fixture removal damage was approved in *In re Slum Clearance (Appeal of United Platers, Inc.)*, 332 Mich 485.

There is no mention of trade fixtures in the condemnation clause of the leases here involved. Why should the landlord be interested in thinking of, or providing for, a clause that would prevent his tenant from obtaining damages for the cost the tenant would suffer in removing his fixtures? Certainly not on the theory that the landlord would receive a greater award, as the landlord could not ask, nor the jury properly award him money, for the damages his tenant might suffer in removing fixtures owned by the tenant. To increase the landlord's award by adding his tenant's cost of removal of trade fixtures would be contrary to the holding in *In re State Highway Commissioner*, 249 Mich 530, wherein it is stated (p 535): "Just compensation should neither enrich the individual at the expense of the public nor the public at the expense of the individual." Denying appellants damages for trade fixture removal would enrich the public at the expense of appellants, and we cannot interpret the leases to so provide.

Reversed and remanded to the trial court for a partial new trial on the sole issue of fixture removal costs relating to appellants, Morton M. Siegel and Sybil Siegel, Mike Basso Appliance Corporation, and Jessie Holloway. No costs, a public question being involved.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.