254 Minn. 358 (1959)
95 N.W. (2d) 112
IN RE SITE FOR LIBRARY.
MORRIS KORENGOLD
v.
CITY OF MINNEAPOLIS.
No. 37,563.
Supreme Court of Minnesota.
February 20, 1959.
*359 Joe A. Walters, for appellant.
Charles A. Sawyer, City Attorney, and Keith M. Stidd, Assistant City Attorney, for respondent.
NELSON, JUSTICE.
This appeal involves a condemnation proceeding for acquiring a site for public grounds for a library within the block bounded by Nicollet and Hennepin Avenues and Third and Fourth Streets in the city of Minneapolis. The proceeding was instituted by the city pursuant to Minneapolis City Charter and Ordinances (Perm. ed.) c. 10, and involved a building of which Peco, Inc., is the owner and Morris Korengold, individually and d.b.a. Chicago Dental Laboratories, is the tenant. Said tenant is appealing here from an order of the District Court of Hennepin County for summary judgment dismissing with prejudice his appeal from a ruling of the council of the city confirming a commissioners' award which eliminated him from participation.
The appellant became a tenant of Peco, Inc., March 1, 1949, at 21 South Third Street in said city. Following his entry of the premises, he expended, according to his objections filed May 8, 1957, an amount in excess of $25,000 in improving the premises so as to make them adaptable for use as a dental laboratory and dental office, including installation of necessary equipment and fixtures especially required in the conduct of his business. The lease was renewed on November 23, 1953, for a term from March 1, 1954, to March 1, 1960. The renewal lease, however, contained the following provision:
"The tenant further agrees that if the demised premises, or any part thereof, or any part of the improvements of which they form a part, shall be taken for any street or other public use, or shall during the continuance of this lease be destroyed by the action of the public authorities, then this lease and the term demised shall thereupon *360 terminate."
The commissioners appointed to appraise the property awarded all damages to the fee owner and "none" to the appellant. Appellant, in his objections, claimed that he would stand to lose considerable sums due to the condemnation's causing a termination of his lease, based upon replacement costs at today's market value and expense of removal to another location, and he requested a reconsideration by the commissioners.
The tenant on his appeal listed the following assignments of error: (1) The trial court erred in dismissing the appeal to the district court; (2) the court erred in making its order for summary judgment in favor of the city as condemnor; and (3) the court erred in concluding that appellant had no compensable interest as tenant by reason of damages incurred in removal and relocation of personalty, including fixtures, equipment, and other personal property. The question presented on this appeal is whether a condemnation clause, such as the tenant permitted to be included in the lease, bars him from obtaining damages for equipment and fixture removal and relocation. Appellant, in the final presentation of his contentions, does not claim that he should be compensated for the expenses of removal of his personal property but only of such of his removable property as may be termed trade fixtures. He contends that this appeal narrows down to this one issue which has not previously been before this court.
1-2. Appellant relies upon In re John C. Lodge Highway, 340 Mich. 254, 264, 65 N.W. (2d) 820, 825, wherein the Michigan court stated that:
"* * * If a lessee is foreclosed and prevented from seeking and obtaining just compensation for trade fixture removal damages [in proceeding for condemnation of leased premises] it will be because the lease discloses that it was the intent of the lessor and lessee that the lessee should forego and abandon the rights to damages allowed to him by the Constitution and the laws of this State."
It is to be observed, however, that the condemnation clause in the Michigan case differed from the one here involved in that it provided that the entire award for damages to the premises, both leasehold and *361 reversion, should be the sole property of the landlord, the tenant assigning to the landlord all the tenant's right, title, and interest in any joint award made in any condemnation proceedings and empowering the landlord to give acquittance therefor. The condemnation clause further provided that (340 Mich. 257, 65 N.W. [2d] 822):
"In event the entire premises are taken, rental shall be paid to the date the tenant is ousted pursuant to such proceedings, and all the other covenants and conditions of this lease having been performed, this lease shall be void."
This court has held, beginning with Kafka v. Davidson, 135 Minn. 389, 160 N.W. 1021, that it would not be competent for the lessee to prove the amount of his profits, the loss of profits, the depreciation of fixtures, or the expense of removal. It appears to be generally held that the loss, inconvenience, or expense arising from a removal of one's business or property which is necessitated by the appropriation of the land does not constitute an element of damages to be allowed. See, 29 C.J.S., Eminent Domain, § 162, note 78, citing In re Assessment for Widening Third Street in St. Paul, 176 Minn. 389, 223 N.W. 458. Other Minnesota cases wherein this rule has been approved and followed are: Connor v. Township of Chanhassen, 249 Minn. 205, 81 N.W. (2d) 789; Seabloom v. Krier, 219 Minn. 362, 18 N.W. (2d) 88; Minneapolis-St. Paul Sanitary Dist. v. Fitzpatrick, 201 Minn. 442, 277 N.W. 394, 124 A.L.R. 897; In re Improvement of Third Street, St. Paul, 178 Minn. 552, 228 N.W. 162; Kafka v. Davidson, supra.[1]
Minnesota has thus consistently held that an owner or a tenant is not entitled to compensation for the cost of removing from the premises taken. In In re Assessment for Widening Third Street in St. Paul, 176 Minn. 389, 392, 223 N.W. 458, 459, the court said:
"Appellant further claims that it is entitled to recover the expense of *362 removing from the building. Appellant owns the building and stands in the position of a seller. The city stands in the position of a buyer. Their relations are analogous to those between private parties where one is selling and the other buying. [Cases cited.] Where the owner sells to a private party, he removes from the property at his own expense. Where property is condemned the owner receives its fair value, and the decided weight of authority is that he is not entitled to an additional allowance for the expense of removing therefrom. [Cases cited.] As the appellant is entitled to receive, and presumably does receive, the full value of the property, it is not entitled to a further allowance for the expense of removal." (Italics supplied.)
We think the question as to whether appellant is barred from participating in the condemnation award is controlled by the ruling of this court in In re Improvement of Third Street, St. Paul, 178 Minn. 552, 228 N.W. 162, which involved a condemnation clause practically identical with the one under consideration on the present appeal. By virtue of that clause it was held in that case that the lessee had no right to share in the condemnation award since the parties intended that the whole compensation should go to the lessor. This court, approving of the holding in that case, in Seabloom v. Krier, 219 Minn. 362, 370, 18 N.W. (2d) 88, 92, although upon a differing state of facts, said:
"* * * The lease is plaintiff's own handiwork. Had he chosen to cast upon defendants the whole burden of loss in the event of condemnation of the demised premises, he could and should have said so in that instrument."
It is apparent that we are not concerned here with fixtures owned by the fee owner. In the instant case it is apparent that the condemnor and the condemnee have reached an agreement by which the condemnee is entitled to keep the fixtures. Upon the facts as disclosed by the record in this case, appellant is under the applicable law of this state without a compensable interest in the condemned premises. A similar clause to the one in the instant lease was interpreted by the United States Supreme Court in United States v. Petty Motor Co. 327 U.S. 372, 376, 66 S. Ct. 596, 599, 90 L. ed. 729, 734, as follows:
*363 "* * * We are dealing here with a clause for automatic termination of the lease on a taking of property for public use by governmental authority. With this type of clause, at least in the absence of a contrary state rule, the tenant has no right which persists beyond the taking and can be entitled to nothing."
This is the general rule not only in Minnesota but in a majority of other state jurisdictions.
Since appellant can and is free to remove his equipment and fixtures and the condemnor has not appropriated said fixtures or equipment, the lessee's rights are in that respect the same as if the lease in question had terminated naturally, the taking of the premises under the condemnation clause of the lease having caused immediate termination.[2]
Cases have been cited which indicate the distinction between condemnation clauses which terminate the demised premises and those which merely provide as between lessor and lessee as to distribution of awards made in a public condemnation proceeding. Since clear language is provided in the instant case bringing the lessor's term to a close in case of public condemnation, we need go no further than to mention the aforesaid distinction.
We reach the conclusion arrived at by the trial court; namely, that the appellant-lessee has no compensable interest in the condemned premises under the terms of his present lease and that any right to compensation which another form of lease might have provided has been barred by the self-destructive terms of the condemnation clause therein contained and the exercise of the right of eminent domain by public authority.
Affirmed.
NOTES
[1] Also see, Burkhart v. United States (9 Cir.) 227 F. (2d) 659; Olson v. United States, 292 U.S. 246, 54 S. Ct. 704, 78 L. ed. 1236; United States v. Honolulu Plantation Co. (9 Cir.) 182 F. (2d) 172; United States v. Petty Motor Co. 327 U.S. 372, 66 S. Ct. 596, 90 L. ed. 729; United States v. 8286 Sq. Ft. of Space (D. Md.) 61 F. Supp. 737; 1 Orgel, Valuation Under Eminent Domain (2 ed.) § 69.
[2] See, Annotation, 3 A.L.R. (2d) 286, especially §§ 12 and 13.