STATE, BY WALTER F. MONDALE, v.
BARTLEY J. McANDREWS AND OTHERS.
VALLEY HIGHLANDS, INC., APPELLANT.

175 N. W. (2d) 492.

February 6, 1970—No. 41180.

*Dygert & Gunn, Richard J. Gunn,* and *Charles R. Hall,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Deputy Attorney General, and *Lloyd J. Moosbrugger,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a pretrial order designating the lots damaged as a result of a condemnation proceeding and setting a trial before a jury on the amount of damages.

The state petitioned to condemn various lots owned by appellant, Valley Highlands, Inc. (VH), in Valley Highlands and in the Second Addition to Valley Highlands in Dakota County, Minnesota. The condemnation was the result of the construction of Interstate Highway No. 35W, which denied the direct access to the land in question existing previously on State Trunk Highway No. 65.

The state's condemnation petition designated two parcels: (1) Parcel 217, which was Lots 9 and 10, Block 1, Second Addition to Valley Highlands, and (2) Parcel 218A, which was Lot 3, Block 12, Valley Highlands. VH did not object to this designation at this time. The trial court then appointed commissioners and they awarded $17,500. Both the state and VH appealed for a trial de novo before a jury.

VH argues that many additional lots are damaged, and asked the trial court to submit a damage question to the jury on these additional lots as well as those designated in the original petition by the state. The trial court then ordered a change in the lots as to which the jury is to hear damage testimony. This order excluded many of the lots which VH considered damaged, and VH has appealed from this pretrial order. The trial court's order names (1) Parcel 217 as Lots 9 and 10, Block 1, Second Addition to Valley Highlands, and (2) Parcel 218A as Lots 1, 2, and 3 and Outlot A, Valley Highlands Addition, and Lots 1, 2, 3, and 4, Block 2, Second Addition to Valley Highlands.

The time for objection concerning the designation of the lots damaged by the loss of access was when the state first petitioned for condemnation. Only at this time is the issue of what land is to be condemned before the court. When the court is reviewing the commissioners' award and when the case is tried de novo before a jury, the only issue is damages, and these are the

damages to the land originally described in the petition. Thus, VH has waived its right to have the land enlarged in this trial. See, State, by Mondale, v. Wren, Inc. 275 Minn. 259, 146 N. W. (2d) 547; State, by Lord, v. Pearson, 260 Minn. 477, 110 N. W. (2d) 206.

VH cites Sheldon v. Minneapolis & St. L. Ry. Co. 29 Minn. 318, 13 N. W. 34, and Wilmes v. Minneapolis & N. W. Ry. Co. 29 Minn. 242, 13 N. W. 39. These were railroad condemnation cases in which this court said the trial court could award damages for injury to land not described in the railroad's original petition. A similar decision is Winona & St. P. R. Co. v. Denman, 10 Minn. 208 (267). These three cases cannot be reconciled with State, by Mondale, v. Wren, Inc. *supra,* and State, by Lord, v. Pearson, *supra.* Therefore, Sheldon, Wilmes, and Winona are overruled.

■ VH argues that the trial court cannot restrict the damages to certain lots but that the jury should be able to consider damage to the entire tract. This court has held that the question of whether land has been damaged so as to require condemnation is a question of law. The trial court must decide this legal issue before submitting the damage question to the commissioners in the first instance. Thomsen v. State, 284 Minn. 468, 170 N. W. (2d) 575; State, by Mattson, v. Prow's Motel, Inc. 285 Minn. 1, 171 N. W. (2d) 83. The jury only determines the amount of damages to the land which the trial court has held to be damaged.

VH attempts to distinguish the Thomsen and Prow's Motel cases in that these were mandamus actions to compel condemnation. This makes no difference. In fact, VH in this case could have sought a writ of mandamus to compel the state to condemn the additional lots. VH may still seek a writ of mandamus in order to recover damages, for VH has not waived its rights to compensation. VH has only waived its right to have the land included in the appeal from the commissioners' award. The fact that VH acted too late to have the land included in the appeal does not estop VH from starting a new proceeding. Also, the con-

demnation proceedings here are not res judicata as to the land which was not included in the state's petition.

The state did not ask this court to review the trial court's order and to require the trial court to change its order to conform to the original condemnation petition under Rule 106, Rules of Civil Appellate Procedure. However, inasmuch as the order is before this court and since we have the power to modify it under Rule 103.04, the trial court is ordered to limit the jury's consideration of damages to the lots described in the state's original petition. The trial court had no authority to change the land to be included in these condemnation proceedings after the commissioners made their award.

Reversed.