LINCOLN TRANSFER COMPANY, INC. v. HOUSING AND REDEVELOPMENT AUTHORITY OF ST. PAUL AND OTHERS.

189 N. W. (2d) 38.

June 25, 1971—No. 42743.

---

*Daniel Pilla,* pro se, for appellants.

*James F. Finley* and *Kelly & Finley,* for respondent Lincoln Transfer.

*James T. Hart* and *David S. McClung,* for respondent Authority.

Heard before Knutson, C. J., and Otis, Peterson, Kelly, and Rolloff, JJ.

PER CURIAM.

Defendant St. Paul Housing and Redevelopment Authority (hereafter HRA), in connection with a Federally funded downtown renewal project, acquired by condemnation a building in which defendant Daniel Pilla and his affiliated companies (hereafter Pilla) were tenants. Pilla made no claim for moving expenses in these state condemnation proceedings, as authorized by Minn. St. 117.20, subd. 8(b), but did apply to HRA for financial assistance in relocating his business, pursuant to 42 USCA, § 1465(b), 78 Stat. 788, as amended by 79 Stat. 486.

HRA solicited bids from plaintiff, Lincoln Transfer Company, Inc., for moving Pilla's business equipment and thereafter notified Pilla that assistance would be granted to the extent of the actual cost of moving or the $7,748 bid by Lincoln, whichever was the lesser. It was understood that Lincoln was to perform specified parts of the move and Pilla would perform the remainder. Subsequent to completion of its move, Lincoln submitted a statement to HRA in the amount of $5,667.43. Pilla protested to HRA that Lincoln's claim was excessive, and he submitted his own claim, in the amount of $9,954.09, for the portion of the move performed by him with his own employees.

HRA initially deposited the sum of $7,748 in district court pursuant to Rule 67.02, Rules of Civil Procedure, for the purpose of permitting a judicial determination of the amount which should be paid to each party. Lincoln, as plaintiff, thereupon served a complaint upon HRA and Pilla as defendants. Pilla separately answered and asserted what purported to be a counterclaim and cross-claim against Lincoln and HRA. Thereafter, upon application of HRA, the Rule 67.02 proceeding was dismissed so that HRA could make an independent administrative determination as authorized by the governing Federal statute.

HRA administratively determined that Lincoln was to be paid $4,736 and Pilla was to be paid $3,012, the total of which is the $7,748 originally authorized as the maximum compensable cost of the moving. The dis-

trict court contemporaneously made an order, upon application of HRA and Lincoln, dismissing all pending proceedings on the ground that, pursuant to 42 USCA, § 1465(e), 78 Stat. 788, as amended by 79 Stat. 486 and 81 Stat. 21, the court was without jurisdiction of the subject matter; and judgment of dismissal has been entered.

We hold, upon this appeal by Pilla, that a state court may not determine the eligibility for the grant of moving expenses authorized by Federal statute. An owner-tenant, absent statute to the contrary, is not entitled in condemnation proceedings to compensation for the cost of removal from the premises taken.[1] The time for appeal from the judgment in the state condemnation action having expired, Pilla's claim must be determined exclusively by the terms of the Federal statute. He cannot seek the benefits of the statute without being bound by the restrictions stated in the statute.

The statute plainly withholds jurisdiction from the courts with respect to eligibility for the costs of relocation. 42 USCA, § 1465(e), provides that the secretary of the Department of Housing and Urban Development (HUD) "is authorized to establish such rules and regulations as he may deem appropriate in carrying out the provisions of this section and may provide in any contract with a local public agency, or in regulations promulgated by the Secretary, that *determinations of any duly designated officer or agency as to eligibility for and the amount of relocation assistance authorized by this section shall be final and conclusive for any purposes and not subject to redetermination by any court* or other officer." (Italics supplied.) The regulations promulgated by HUD pursuant to this statute expressly so provide.[2]

---

[1] See, Korengold v. City of Minneapolis, 254 Minn. 358, 95 N. W. (2d) 112, and In re Assessment for Widening Third Street in St. Paul, 176 Minn. 389, 223 N. W. 458. See, also, 4 Nichols, Eminent Domain (3 ed.) § 14.2471(2).

[2] Section 3.104(c) of the applicable regulation, 30 Fed. Reg. 15145, 15147, provides: "The Agency is initially responsible for determining the eligibility of a claim for, and the amount of, a relocation payment and shall maintain in its files complete and proper documentation supporting the determination. The determination on each claim shall be made or approved either by the governing body of the Agency or by the principal executive officer of the Agency or his duly authorized designee. The determination, or any redetermination by any duly designated officer or agency, shall be final and conclusive for any purposes and not subject to redetermination by any court or any other officer. * * * "

Congressional intent to exclude the courts from taking jurisdiction to review the administrative decisions as to Pilla's eligibility for assistance in relocating his business and the total reasonable cost of such relocation could not be more plainly manifest. See, Fountain v. United States, 192 Ct. Cl. 495, 427 F. (2d) 759; Merge v. Troussi (3 Cir.) 394 F. (2d) 79; and Oliver Thien Beauty School v. United States (D. Minn.) No. 3-67-199 Civil, January 8, 1968 (unreported decision by Judge Miles W. Lord).

Pilla, however, contends that the statute did not confer upon HRA the authority to adjudicate a private dispute between him and Lincoln. HRA, however, was not attempting to adjudicate a private dispute, for the effect of its administrative action was to determine what amount HRA would grant to Pilla, a determination not subject to judicial review. HRA at the same time administratively reduced the amount it would pay to Lincoln under their contractual relationship, but no dispute between those contracting parties is here presented and, in any event, that is not Pilla's affair. Pilla accordingly has no right of action against Lincoln under his purported counterclaim and no claim against HRA under his purported cross-claim.

Affirmed.

