**STATE of Minnesota, by Hubert H. HUMPHREY, III, its Attorney General, Respondent,**

v.

**Thomas E. KOURI, et al., Respondents–Below,**

**Major Media Management Corporation, successor in interest to Naegele, Inc., Appellant.**

**No. C8–87–1257.**

Court of Appeals of Minnesota.

Nov. 24, 1987.
Review Denied Jan. 28, 1988.

Hubert H. Humphrey, III, Atty. Gen., M. Jacqueline Regis, Asst. Atty. Gen., St. Paul, for respondent.

Marvin A. Liszi, Richard T. Ince, Minneapolis, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The question presented in this case is whether the trial court erred in refusing to grant an eminent domain hearing before court-appointed commissioners on the issue

of the fair market value of advertising structures owned by Major Media, Inc.

## FACTS

On May 9, 1986, the State of Minnesota petitioned the trial court for an order permitting the taking of certain lands by the state for highway purposes pursuant to Minn.Stat. § 117.042 (1985). On September 26, 1986, the court granted the state's petition and ordered that title and possession in the condemned lands pass to the state. On May 15, 1987, the court denied respondent Major Media's motion to compel a hearing before the court-appointed commissioners on the issue of the fair market value of the billboards.

On two of the parcels involved in the taking, appellant Major Media and its predecessors in interest, Naegele, Inc., were the owners of six outdoor advertising structures and had a leasehold interest in the property pursuant to written leases with the fee owner. The leases allowed appellant to erect, place, and maintain its billboards on the premises until 1993 and 1994. The agreements do not allow the lessor to terminate in the event of condemnation or sale, and it is provided in the agreements that the billboards are personal property. The relevant portion of the leases state as follows:

> The Lessee shall have the right to erect, place and maintain advertising sign structures and equipment therefor on the demised premises and post, paint, illuminate and maintain advertisements on such structures. All structures, equipment and materials placed upon the said premises by the Lessee shall always remain the personal property of, and may be removed by the Lessee at any time prior to or within a reasonable time after the expiration of the term hereof or any extension thereof.

The State of Minnesota offered appellant relocation costs for its outdoor advertising structures. Major Media informed the state that it would be requesting fair mar-

ket value for the structures. Appellants urged that the court include in its judicial determination compensation for the loss of value of appellant's signs.[1]

The trial court held that such a determination is not proper because the state need not purchase personal property which is removable and that as a matter of law the billboards are personal property. Major Media appeals, contending principally that there is a genuine issue of fact as to whether the signs are fixtures.

## ISSUE

Did the trial court err in its pretrial determination that appellant's billboards were removable personal property?

## ANALYSIS

Appellant asserts that a hearing is required to determine the fair market value of the advertising structures which were taken. Appellant argues that the trial court's conclusion that the structures are removable personal property could only be made after a full evidentiary hearing and that the court's reliance on cases holding condemnors do not have to pay for removable personal property is misplaced because those cases do not involve advertising structures.

Personal property which is to be removed upon the termination of a lease is not a compensable interest in an eminent domain proceeding. *State v. Pahl,* 257 Minn. 177, 182, 100 N.W.2d 724, 728 (1960). The court stated in *Pahl:*

> There is nothing in the statutes relating to condemnation in eminent domain proceedings which prohibits the inclusion of a condition of this kind in an award or which requires that the state purchase personal property which is to be removed upon the termination of a lease.

*Id.* See *Naegele Outdoor Advertising Co. v. Village of Minnetonka,* 281 Minn. 492, 502, 162 N.W.2d 206, 214 (1968) ("[u]nless the billboards have become a part of the

---

1. Appellant seeks the value of the signs, not the costs in relocating them. The state acknowledges that proceedings outside of a condemnation action are available to appellant for the purpose of recovering the costs of relocation. *See* Minn.Stat. § 117.52 (1986).

realty so that title to them would pass to the lessor at the end of the lease—which the evidence here expressly negates—, the lessee is entitled to no compensation for the cost of their removal."); *Creative Displays v. South Carolina Highway,* 272 S.C. 68, 72, 248 S.E.2d 916, 917 (1978) (billboards are personal property as a matter of law); *City of Lakewood v. Rogolsky,* 22 Ohio Misc. 93, 100, 252 N.E.2d 872, 877 (1969) ("billboard advertising signs are never intended to become a permanent accession to the freehold").

In this case, appellant treats the billboards as personal property in its leases with the fee owner. Each lease states that all billboard structures "shall always remain the personal property of, and may be removed by the Lessee at any time prior to or within a reasonable time after the expiration of the term hereof or any extension thereof."

Major Media argues that the provisions in the lease were inserted for reasons other than eminent domain proceedings and should not preclude them from recovery. They state that the lease provisions were inserted to ensure that a landowner would be prevented from terminating the lease and to maximize income tax advantages.

Parties may contract away their right to compensation in an eminent domain proceeding. *Korengold v. City of Minneapolis,* 254 Minn. 358, 362–63, 95 N.W.2d 112, 115–16 (1959). We appreciate that the parties may have other purposes in mind in their characterization of the signs than to influence their eminent domain rights, but that does not detract from the fact that the parties reached an agreement characterizing the property as personal property. Accordingly, the trial court properly refused to grant an eminent domain proceeding on the issue of fair market value of appellant's billboards.

### DECISION

The trial court did not err in refusing to grant an eminent domain proceeding before state-appointed commissioners on the issue of the fair market value of advertising structures owned by Major Media, Inc.

Affirmed.