**In the Matter of Condemnation by the MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY of Certain Lands in the City of Minneapolis, Parcels 17–1, 17–2, 17–4, and 17–5.**

No. C8–87–1498.

Court of Appeals of Minnesota.

Dec. 22, 1987.
Review Denied Feb. 24, 1988.

Richard T. Ince, Marvin A. Liszt, Minneapolis, for Naegele Advertising Co., appellant.

William S. Rosen, St. Paul, for William Y. Rose and Kick's Liquor Store, Inc., respondents.

Kathleen M. Martin, Frederick S. Richards, Popham, Haik, Schnobrich & Kaufman, Minneapolis, for Minneapolis Community Development Agency, petitioner.

Heard, considered and decided by RANDALL, P.J., and HUSPENI and STONE*, JJ.

## OPINION

RANDALL, Judge.

This is an appeal from a June 26, 1987, order of the trial court in a condemnation proceeding. The trial court ordered title and possession in three parcels, 17-1, 17-2 and 17-5, to vest in the Minneapolis Community Development Agency (MCDA); or-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

dered Naegele Outdoor Advertising Inc. (Naegele) to remove its billboards from the parcels; and found Naegele has no compensable real property interest in parcels 17-1, 17-2, 17-4 and 17-5. The trial court ordered the commissioners not to hear evidence that Naegele wished to offer relative to its billboards. We affirm.

## FACTS

Naegele owns billboards on parcels 17-1, 17-2, 17-4 and 17-5 (the parcels are real estate owned by others who lease to Naegele), the property in question here. The billboards have been located on these properties for several years. Naegele rented the space for the billboards on parcels 17-1 and 17-2 as set out in a lease, # 6916. The space for the billboards on parcel 17-4 is set out in lease # 1076. The trial court was not provided with a copy of the lease covering parcel 17-5.

In June 1986, MCDA petitioned the trial court for condemnation of certain property, including the disputed parcels, because the City of Minneapolis was planning to upgrade a portion of Washington Avenue. MCDA requested an order granting it title and right to possession of the property under Minn.Stat. § 117.042 (1986), and appointing commissioners to determine the damage to the taken property. On July 14, 1986, the trial court signed an order granting the petition and appointing the commissioners.

On July 26, 1987, the trial court entered an order on a motion of MCDA, requiring Naegele to remove its billboards from parcels 17-1, 17-2 and 17-5, since the parcels had fully vested in MCDA; ruling Naegele has no compensable real property interest in parcels 17-1, 17-2, 17-4 and 17-5; and ruling that the commissioners should not hear evidence on the signs' values at the hearings involving the subject parcels.

## ISSUES

1. Did the trial court err by holding Naegele is not entitled compensation for its billboards under Minnesota common law?

2. Does Minn.Stat. § 173.17(4) require MCDA to acquire Naegele's billboards?

3. Does the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601-4655 require condemnation of Naegele's billboards along with the underlying land?

4. Does the United States Constitution require that appellants be compensated for their billboards?

## ANALYSIS

### I.

*Common law*

This is an appeal from the trial court's determination that appellant Naegele has no real property interest in the parcels of land in question. Whether a property right has been taken or damaged in a constitutional sense is a question for the trial court. *See State v. Prow's Hotel,* 285 Minn. 1, 4-5, 171 N.W.2d 83, 85-86 (1969). Whether the taking or damage requires condemnation of the damaged property is a question of law, which must be decided before the trial court submits the damage issue to the commissioners. *State v. McAndrews,* 286 Minn. 115, 116-117, 175 N.W.2d 492, 493 (1970).

Appellant contends the trial court erred by determining Naegele has no real property interest in the condemned parcels and by refusing to submit the matter of damages to the commissioners.

To claim compensation from the condemning authority, appellant must establish a compensable interest in the premises on the date of the commissioners' award. *State v. Pahl,* 257 Minn. 177, 100 N.W.2d 724 (1960). On these facts, to determine the compensable interest, if any, we look to the terms of the lease. *Id.* When a lease, by its terms, automatically terminates upon condemnation of the land, the lessee is entitled to no compensation for the loss of the leasehold interest, since the lessee agreed in advance to such a termination. *Naegele Outdoor Advertising Co. of Minnesota v. Village of Minnetonka,* 281 Minn. 492, 502, 162 N.W.2d 206, 214 (1968). *See also Korengold v. City of*

*Minneapolis,* 254 Minn. 358, 361, 95 N.W. 2d 112, 114 (1959) ("[L]oss, inconvenience, or expense arising from a removal of one's business or property which is necessitated by the appropriation of the land does not constitute an element of damages to be allowed.")

■ Here, the leases submitted to the trial court contained clauses stating that Naegele's leases terminate automatically at condemnation, or within thirty days of the sale or development of the property. In view of these provisions, we hold the trial court did not err by finding Naegele has no compensable property interest in the parcels.

Appellant contends that the trial court erred by treating the billboards as removable personal property. Appellant claims this condemnation constitutes a taking of semi-permanent structures that cannot be moved without destroying them,[1] thus entitling appellant to compensation for the billboards. We do not agree.

■ Where the lease, here drawn by the lessee with a removal upon condemnation clause specifically inserted to protect Naegele, unequivocally describes the designated structure as personal property, the only right the lessee has on termination of the lease is the right to remove the structure. *Pahl,* 257 Minn. 177, 100 N.W.2d 724.

> When a leasehold is condemned, a lessee is not entitled to compensation for the cost of removing personal property which it has a right to remove upon expiration of the lease. * * * Unless the billboards have become part of the realty so that title to them would pass to the lessor at the end of the lease * * *, the lessee is entitled to no compensation for the cost of their removal.

*Naegele,* 281 Minn. at 502, 162 N.W.2d at 214 (citations omitted); *see also Pahl,* 257 Minn. at 182, 100 N.W.2d at 728 (where terms of lease designated structures as personal property, the only right lessee reserved to structures so described was the right to remove them on termination of the lease); *Korengold,* 254 Minn. 358, 95 N.W. 2d 112 (where lease contained a clause providing for its termination in case of condemnation, lessee was not entitled to cost of removing dental equipment and fixtures).

■ Here, the lease, which was on appellant's form, specifically designated the billboards as removable personal property.[2] Appellant drafted the form in this way to protect its right to remove its personal property in the event of a future condemnation. We hold the trial court did not err by refusing to grant appellant a hearing on the issue of valuation of its billboards. *See State v. Kouri,* 415 N.W.2d 412 (Minn.Ct. App.1987) (where lease contained identical clause, held Major Media Management Corp., successor in interest to Naegele, had no right to compensation in eminent domain proceeding.)

## II.

### Chapter 173—Advertising Devices

Appellant contends that Minn.Stat. §§ 173.01–.27 (1986) compels the condemning authority to compensate it for its billboards. This chapter is intended to regulate and control the erection of advertising structures along highways for the purpose of benefitting the general welfare and conserving the natural beauty of areas adjacent to certain highways.

---

1. Some of the evidence appellant wished to present to the condemnation commissioners, if it had been allowed to do so, would have been evidence indicating that, although the billboards may technically be characterized as personal property, only a fraction of the cost of erecting them could be recouped if they had to be taken apart and removed. Thus, except for nominal salvage value, appellant claims condemnation of the land beneath these billboards is tantamount to condemning the billboards themselves.

2. The leases provided that all signs, structures, materials and equipment placed on the leased premises by the lessee "shall always remain the personal property of and may be removed by the Lessee any time prior to or within a reasonable time after the expiration of the term hereof or any extension thereof."

■ Appellant claims that, under the provisions of Minn.Stat. § 173.17(4),[3] it is entitled to compensation for its signs. However, ch. 173 applies only to condemnation of billboards in existence before June 8, 1971, which have subsequently become nonconforming. *State v. Card*, 413 N.W. 2d 577 (Minn.Ct.App.1987) (interpreting Minn.Stat. § 173.17). Here, as in *Card*, there is no issue of nonconforming billboards. The purpose of this condemnation is to clear the property for development purposes. Appellant's reliance on chapter 173 is misplaced.

## III.

### *Uniform Relocation Assistance Act (URA)*

Appellants contend that the Uniform Relocation Assistance and Real Property Acquisition Policies Act (URA) of 1970, 42 U.S.C. §§ 4601–4655, mandates compensation for its billboards. Both parties cite extensive portions of this Act in support of their respective positions. The Act is intended to establish a uniform policy for dealing with persons displaced as a result of federal programs or federally assisted programs. 42 U.S.C. § 4621.

Appellant contends that under 42 U.S.C. § 4652(b)(1), respondent must compensate appellant for the billboards. At the outset, we note appellant is not raising the issue of relocation expenses, but argues, on these facts, that its billboards should be condemned, along with the underlying land, for fair compensation.

■ On the issue before us, we do not interpret the federal statute as requiring compensation for removable personal property. *See Creative Displays, Inc. v. South Carolina Highway Department*, 272 S.C. 68, 248 S.E.2d 916 (1978) (where lease characterized billboards as removable personal property, owner was not entitled to compensation under the URA). The URA does not create new rights to just compensation for real property taken:

Nothing in this chapter shall be construed as creating in any condemnation proceedings brought under the power of eminent domain, any element of value or of damage not in existence immediately prior to January 2, 1971.

42 U.S.C. § 4602(b). URA does not create a right to compensation for appellant's billboards, where Minnesota case law precludes compensation, because the billboards are removable personal property.

## IV.

### *Constitutional Rights*

Finally, appellant argues the United States Constitution entitles it to compensation, citing *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 93 S.Ct. 791, 35 L.Ed.2d 1 (1973). In *Almota*, the lessee had seven and one half years left on a lease of a railroad's property on which the lessee had erected extensive and permanent structures and other improvements. The Supreme Court found Almota, which had occupied the property continuously since 1919, had an expectation of continued occupancy, and was therefore entitled to compensation for the improvements, viewed in light of the possibility of their use beyond the present lease term. *Id.* at 478, 93 S.Ct. at 796.

■ We find this case distinguishable from *Almota*. *Almota* involved realty on which admittedly permanent buildings had been erected. Here, the property for which appellant seeks compensation is removable personal property. Appellant specifically protected itself in its lease against condemnation and provided for a right of removal. The Supreme Court has held there is no constitutional right to be compensated for removable personal property in a condemnation proceeding. *United States v. General Motors, Corp.*, 323 U.S. 373, 65 S.Ct.

---

**3.** "Notwithstanding any other provision of this chapter, including section 173.20, no advertising device which was lawfully erected shall be removed until all rights in the property, personal or real, have been acquired by purchase, gift, or eminent domain proceedings under chapter 117, whether or not the advertising device is removed pursuant to this chapter or any other statute, ordinance, or regulation of any political subdivision of the state or local zoning authority."

357, 89 L.Ed. 311 (1945). We hold, on the facts in this case, appellant has no constitutional right to compensation for its billboards.

### DECISION

The trial court did not err by holding that, under Minnesota case law, appellant is not entitled to compensation for its billboards.

Minn.Stat. § 173.17(4) does not require that respondent compensate appellant for its billboards.

The Uniform Relocation Assistance and Real Property Acquisition Policies Act does not require "condemnation" compensation for billboards designated in a lease as removable personal property.

The United States constitution does not require appellant be compensated for billboards designated in its lease as removable personal property.

Affirmed.